WHITWELL v. WHITWELL et al.

(Supreme Court, Appellate Division, Fourth Department. July 11, 1911.)

WILLS (§ 634*)—CONSTRUCTION—CONTINGENT ESTATES—INTENTION OF TESTATOR.

A testator bequeathed the residue of his personal property to be invested and the income paid to two nieces, with the provision that upon the death of the survivor, the principal should be divided among three persons. The ninth clause of the will provided that in the event of the death of any one of these three persons before the time appointed for the distribution of the residuum of the personal estate, the shares of those dying "shall not lapse but shall pass to their children surviving them." Held that, as the intention of the testator governs the construction of his will, the interest of a child of such a deceased legatee was not contin-

gent, but was vested; the rule that when a testamentary gift is found only in a direction to divide at a future time, the gift is contingent, having no application, in view of the expression "shall pass to their children them surviving."

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1488–1510; Dec. Dig. § 634.*]

Williams, J., dissenting.

Submission of controversy without action under Code Civ. Proc. § 1279, between Francis W. Whitwell, as trustee under the will of William Whitwell, and William Whitwell individually and as administrator de bonis non, and others. Judgment for defendant.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Frederic D. Whitwell, for plaintiff.

William W. Robison, for defendants Cornelia A. Robison and William Whitwell.

Lewis W. Keyes, for defendant John Annan, individually and as administrator of the estate of Charles Annan, deceased, and of the estate of Annie Rush, deceased.

Frank Rice, for defendants William Whitwell, as administrator de bonis non of the estate of Cornelia Tims, deceased, Frederic D. Whitwell, executor, etc., of Hannah Fordon, deceased, and Mary S. Ketcham, as administratrix of James Tims, deceased, and as administratrix of the estate of Minnie E. Tims, deceased.

KRUSE, J. After making certain bequests and devises, the testator by the seventh and eighth paragraphs of his will, disposes of all the rest and remainder of his property. By the seventh paragraph he disposes of the residue of his real estate, for life, to two nieces therein named, with remainder over to his two nephews, James Tims and William Whitwell, and a niece, Cornelia A. Robison. By the eighth paragraph he disposes of the residue of his personal property in the same way, but not precisely in the same form. It is there provided that the residue of his personal property shall be invested and the two nieces receive the income, and, upon the death of the survivor, the residue of the personal property is to be divided equally between the two nephews and the niece.

By the ninth paragraph of the will it is provided that:

"In the event of the death of James Tims, William Whitwell or Cornelia Robison before the legacies hereinbefore bequeathed or devised to them become vested in them or before the time appointed for the distribution of the residuum of my personal estate, the legacies or distributive shares or both of the one or ones so dying shall not lapse, but shall pass to their children them surviving in equal shares."

James Tims, died leaving him surviving a daughter, his only child, who also died after the death of Tims. The death of both Tims and his daughter occurred before the time appointed for the distribution of the residuary personal estate, and the question here is whether the share of James Tims in the residuary personal estate is to be regarded

as undisposed of assets of the testator, or whether the title thereto vested in the daughter and is to be distributed as a part of her estate.

As regards the share of Tims, the rule is invoked against the personal representatives of his deceased daughter, that when a testamentary gift is found only in a direction to divide at a future time, the gift is future and contingent, and not vested. But, as is said by Judge Andrews in Goebel v. Wolf, 113 N.Y. 405, 412, 21 N. E. 388, 10 Am. St. Rep. 464, this rule, as others of like character, is subordinate to the primary canon of construction that the construction shall follow the intent, to be collected from the whole will; and that the intention of the testator so ascertained must prevail; and that the general rules adopted by the courts in aid of the interpretation of wills must give way when, on a consideration of the scheme of the will, or of special clauses or provisions, their application in the particular case would defeat the intention.

The explicit declaration of the testator respecting the share of one dying before the time appointed for the distribution of the residuum of the personal estate is that the share of the one so dying shall not lapse, but *pass* to his children. It seems to me, as pointed out by counsel for the personal representatives of the daughter, that the expression "shall pass to" is words of express gift; and if the expression "I hereby give" had been used, it could not have made the case stronger.

Whether the share in question vested in Tims upon the death of the testator and was divested upon the death of Tims, or was a mere contingent interest which never became vested in Tims at all, I think that upon the death of Tims his share immediately vested in and passed to his daughter, absolutely, subject only to the interest of the life beneficiaries.

If I am right in that conclusion, it follows that the share in question belongs to the estate of the daughter, and judgment should be ordered directing the payment of the fund to the administratrix of her estate, with $100 costs to the plaintiff as stipulated. All concur, except WILLIAMS, J., who dissents in an opinion. ROBSON, J., not sitting.

WILLIAMS, J. (dissenting). Judgment should be directed in favor of the next of kin of the testator, with $100 costs and disbursements to plaintiff payable by estate.

William Whitwell, the testator, died March 27, 1898, unmarried, leaving the will in question, and leaving as his next of kin William Whitwell and Cornelia A. Robison, children of John Whitwell, a deceased brother; Hannah Fordon, Cornelia Tims, and James Tims, children of Mary Tims, a deceased sister; and Annie Rush, John Annan, and Charles Annan, children of Elizabeth Annan, a deceased sister. By the first paragraph of the will deceased provided for the payment of debts, etc. By the following five paragraphs he gave legacies and devised real estate to certain of his nephews and nieces. By the seventh paragraph he gave his nieces Hannah Fordon and Cornelia Tims estates for their joint lives, and the life of the survivor, in the residue of his *real* property, with remainder over to his nephews William Whitwell and James Tims and his niece Cornelia Robison, to be

divided equally between them.  By the eighth paragraph he gave all the residue of his *personal* property to George A. Fordon and Cornelia Tims *in trust,* to keep it invested and collect the income and pay it to his nieces Hannah Fordon and Cornelia Tims during their joint lives and the life of the survivor, with remainder over to his nephews James Tims, William Whitwell and his niece Cornelia Robison.  And by the ninth paragraph he provided:

"In the event of the death of James Tims, William Whitwell or Cornelia Robison before the legacies hereinbefore bequeathed or devised to them become vested in them, *or* before the time appointed for the distribution of the residuum of my personal estate, the legacies or distributive shares or both of the ones or one so dying shall not lapse but shall pass to their children them surviving, in equal shares."

The three persons named in this ninth paragraph were the same persons who by the seventh and eighth paragraphs were given the remainder in the *real* and *personal* estate, and Hannah Fordon and Cornelia Tims were the life beneficiaries under said two paragraphs of the *real* and *personal* estate.  Both these life beneficiaries are dead, Cornelia Tims having died June 8, 1898, and Hannah Fordon August 30, 1910. James Tims, one of the remaindermen, died October 22, 1899; the other two are still living.  There is no dispute but that upon the death of the last life beneficiary the two surviving remaindermen and the heirs of the deceased one became entitled to the remainder in the *real* estate, the same having vested in the three remaindermen at the death of the testator.  There is no dispute but that at the time of the death of the last life beneficiary the two surviving remaindermen took their two-thirds interest in the *personal* estate.  The question in dispute is as to the one-third interest which such deceased remainderman would have taken if he was still living.  He died some eleven years before the death of the last life beneficiary.  He left him surviving only one child, a daughter, Minnie Tims, who died July 19, 1908, some nine years after her father's death and two years before the death of the last life beneficiary.  Where did this one-third interest go on the death of the last life beneficiary?  If the title thereto vested only on the death of such beneficiary, then neither James Tims nor any children of his were living to take under the will, and the one-third in question was unbequeathed assets of the testator's estate.  The representatives of Minnie Tims, the daughter of James, contends, however, that the title vested in James at the death of the testator and in Minnie at the death of her father, and that her estate is entitled to said one-third.  This is the only question to be here determined.  It seems to me clear that the title to the personal did not vest in any one until the death of the last life beneficiary.  The will contains no direct words of gift as to the remainder, but merely a direction to *divide*.  Paragraph eight gives the property to trustees to keep invested and pay income to the life beneficiaries and on their death to *divide* the residue.  And then the ninth paragraph provides if either remainderman died before the property had become vested *or the time for the distribution of the residuum of the personal*, the legacies or distributive share of the one so dying should not lapse, but should pass to his or her children.  Under

these provisions it is quite apparent the intention of the testator was to vest the residue of the personal only on the death of the last life beneficiary. The testator may have intended to make such provisions as to leave no part of his estate undisposed of, but he very likely did not anticipate that both James Tims and his daughter Minnie would die before the last life beneficiary. There is no reason therefore why the plain language of the will should be disregarded. This result I think must follow under the well-settled rule in this state that, where the only gift is found in a direction to divide or pay over at a future time, the gift is future, and not immediate—contingent, and not vested. Warner v. Durant, 76 N. Y. 133; Smith v. Edwards, 88 N. Y. 92; Matter of Baer, 147 N. Y. 348, 41 N. E. 702; Matter of Crane, 164 N. Y. 71, 58 N. E. 47; Rudd v. Cornell, 171 N. Y. 114, 63 N. E. 823; Matter of Keough, 112 App. Div. 414, 98 N. Y. Supp. 433, affirmed 186 N. Y. 544, 79 N. E. 1109.

This rule is recognized by the Court of Appeals in a late case. Riker v. Gwynne, 201 N. Y. 143, 150, 94 N. E. 632. In this latter case, however, there were direct words of gift in the will. I do not understand the existence of this rule is controverted, but the claim made is that it is not applicable here because the words in the latter part of the ninth paragraph, "shall pass to their children," etc., amounted to an express gift, and carried the title to this personal property on the death of James Tims, during the life of the beneficiaries, to his daughter Minnie. I do not think such effect should be given to these words. They merely entitled the daughter in the final distribution, if living, to the share her father would have taken if he had then been living. And again it is said this rule should not be applied here because of other considerations drawn from the will itself, showing the intent of the testator that title to the personal as well as the real should vest at the time of his own death. Many cases are cited by counsel on either side, and exhaustive arguments made as to the application of the rule and the cases cited to the facts of the present case. After due consideration, however, I incline to adhere to the opinion already intimated, that the rule referred to should be applied here, there being no indication in the will that the testator intended any other disposition of the residuum of the personal than that which would follow under this rule. The question is a troublesome one, and not free from doubt, but I think judgment should be directed that the one-third of the personal estate is unbequeathed assets of the testator's estate, to be distributed among his next of kin.