## In re VAN KLEECK.

(Surrogate's Court, New York County.　April 13, 1916.)

1. WILLS ☞634(6)—CONSTRUCTION—TRUST—REMAINDER.

Where testator left property in trust for the life of a mother, the income to be handed to her, and the principal at the mother's death to go to her daughter, who was then in being, the daughter, notwithstanding the rule that, where a devise or bequest is made through a power in trust, it is contingent, took a vested remainder; the policy of the law favoring the vesting of estates.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1494; Dec. Dig. ☞634(6).]

2. TRUSTS ☞134—TITLE OF TRUSTEE.

Under Personal Property Law (Consol. Laws, c. 41) § 11, which makes Real Property Law (Consol. Laws, c. 50) §§ 100, 101, applicable to trusts in personalty, a trustee who held personalty to pay the income to a life tenant, the remainder being left to another, takes only an estate sufficient to enable him to execute the trust.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 177; Dec. Dig. ☞134.]

3. WILLS ☞634(6)—REMAINDERS—VESTING.

The interposition of a trust estate never prevents the vesting of a remainder interest.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1494; Dec. Dig. ☞634(6).]

4. WILLS ☞634(19)—CONSTRUCTION—CONTINGENT REMAINDERS.

Where testator bequeathed moneys in trust to pay the income to one, and at her death the principal to go to her daughter, the expression "at her death" did not make the remainder contingent.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1508; Dec. Dig. ☞634(19).]

5. EXECUTORS AND ADMINISTRATORS ☞3(1)—ADMINISTRATION—NECESSITY.

The title to a legacy belongs to the person beneficially entitled, without the intervention of any administration in the domicile of the testator.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 3–6; Dec. Dig. ☞3(1).]

6. EXECUTORS AND ADMINISTRATORS ☞518(1)—REMAINDERMAN—PAYMENT.

Where there were no unpaid debts, and all the parties were before the court, the corpus of a trust should be paid directly to the heirs of a remainderman, the life tenant having died, though such heirs lived in a foreign state, and there was no ancillary administration on the estate of the remainderman in the state of the testator's domicile.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2299, 2300, 2303; Dec. Dig. ☞518(1).]

7. EXECUTORS AND ADMINISTRATORS ☞3(5)—DISTRIBUTION OF ASSETS—PRESUMPTIONS.

In the absence of affirmative proof of debts, there is a presumption that there were no debts against the estate of a decedent.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 14; Dec. Dig. ☞3(5).]

8. EVIDENCE ☞80(2)—PRESUMPTION—LAWS OF FOREIGN STATE.

It will be presumed that the common law is to be applied to the devolution of personalty, there being no evidence as to the law of the state of

the decedent's domicile, and property will be distributed by the courts of the forum according to such common law.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 101; Dec. Dig. ☞80(2).]

9. DESCENT AND DISTRIBUTION ☞5—PERSONALTY—WHAT LAW GOVERNS.

The law of the place of a decedent's domicile governs all questions of devolution of personal property.

[Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig. §§ 19–22; Dec. Dig. ☞5.]

10. TRUSTS ☞326—ACCOUNTING BY TRUSTEE—JURISDICTION OF SURROGATE—LEGAL TITLE.

Upon accounting by a trustee, the surrogate has jurisdiction to determine who is legally entitled to the corpus of the trust fund; the trustee being entitled to demand that payment be made to such person.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 486; Dec. Dig. ☞326.]

In the matter of the judicial settlement of the account of William H. Van Kleeck, as trustee under the last will and testament of James D. Ingersoll, deceased. Account settled, and proceeds of trust directed paid to heirs of remainderman.

Wilson M. Powell, of New York City, for petitioner.

Beekman, Menken & Griscom, of New York City (S. Stanwood Menken and Ralph S. Wolcott, both of New York City, of counsel), for respondents Charles E. Brown, Harold W. Brown, and Charles E. Brown, Jr.

Scott, Newcomb & McLoughlin, of New York City (Francis J. McLoughlin, of New York City, of counsel), for Russell D. Leeds, Shepherd E. Leeds, and John K. Leeds.

George A. Hoffman, of New York City (Adolphus T. Sieker, of New York City, of counsel), for residuary legatees.

James H. Hickey, of New York City, for Grace Nesmith Prentice.

FOWLER, S. [1] In this proceeding for the judicial settlement of the accounts of the trustee of James D. Ingersoll it becomes necessary to construe the second paragraph of the will of Mr. Ingersoll, which is as follows:

"Second. I give and bequeath unto my executors and their survivors in trust five thousand ($5,000) dollars, to be by them safely invested, and the income of the same to be handed to Mrs. Daniel W. Leeds, wife of Daniel W. Leeds, and at her decease the principal to go to her daughter."

The surrogate must determine whether the remainder interest bequeathed under the second paragraph of the testator's will is a vested or a contingent interest.

Mrs. Leeds had only one daughter, Julia P. Brown, who predeceased her mother. The residuary legatees under the will claim that the interest bequeathed to Julia P. Brown was contingent, and that upon her predeceasing her mother, Mrs. Leeds, it passed to the residuary legatees. It appears that Julia P. Brown died intestate in 1887, a resident of the state of New Jersey, leaving her surviving her husband, Charles E. Brown, and two sons, Harold W. Brown and Charles E. Brown, Jr.

The husband and children of Julia P. Brown claim that the remainder was vested in Julia P. Brown, and that on her demise the title to the $5,000 legacy devolved under the laws of the state of New Jersey upon her surviving husband.

The residuary legatees, on the other hand, invoke the rule that where a devise or bequest is made through a power in trust, or solely through a direction to pay or convey at a future time, it is contingent. This rule I regard as a settled rule of construction, and yet it has recently been considered by the Court of Appeals in Cammann v. Bailey, 210 N. Y. 19, 103 N. E. 824, and Dickinson v. Sheehy, 209 N. Y. 592, 103 N. E. 717, in such a way as to occasion an expression of doubt whether or not the rule was a settled principle of construction applicable in all instances. In Fulton Trust Co. v. Phillips, 164 App. Div. 498, 150 N. Y. Supp. 335, Mr. Justice Ingraham concluded as follows:

"With much diffidence and a confession of my inability to deduce from the authorities any rule that can aid in the construction of a will presenting these features, I can only say that, endeavoring to the very best of my ability to follow the directions of the Court of Appeals, it seems to me that we are required to hold that in this case it was the intention of the testatrix * * *" that the estate vested.

After a careful investigation of the decisions Justice Ingraham was obviously unable to state with any degree of confidence when the rule applied to a particular case. It is thus apparent that while the rule is well recognized by the courts of this state, the judicial desire to construe estates as vested rather than as contingent has led the courts to subordinate a rule of property to a construction dependent upon the ascertained intention of the testator. Steinway v. Steinway, 163 N. Y. 183, 57 N. E. 312. As Chief Judge Cullen well said in substance in Cammann v. Bailey, one of the effects of the uncertain application of the rule is that in each instance counsel is justified in insisting, if not actually required to insist, that his client should obtain the decision of the court of last resort upon the construction of an interest devised and bequeathed in a direction to convey or divide. But whatever doubts the judiciary may feel in the application of settled principles to concrete cases, they have no place in so plain a case as this.

The three decisions just referred to all recognize the rule indicated as an existing rule of construction. A rule cannot be doubtful and remain a rule. Consequently if the remainder interest in this case is bequeathed solely in a direction to convey or divide, it is undoubtedly incumbent upon the surrogate to decide in conformity with the rule that such interest is contingent. But having in mind another paramount and influential rule of courts of construction, that an estate must be construed as vested and not as contingent whenever possible, and also the manifest reluctance of our appellate courts to invoke the rule which makes an estate contingent, when transferred by a power in trust, I am nevertheless of the opinion that the true construction of the language of the second paragraph of the will makes the remainder, now under consideration, a vested remainder. It will be observed that the testator did not direct that upon the death of Mrs. Leeds the trustee was to pay over the principal to the daughter; the will in sub-

stance only provides that the executors should hold the $5,000 in trust, and during the life of Mrs. Leeds pay over to her the income, and that upon the death of Mrs. Leeds the principal should "go to" her daughter.

There is here no express direction that the remainder interest should be paid to the daughter by the trustee or through the interposition of a power in trust reposed in the executors. There is evident no such trust or power in trust. The trustee was by the will given the title to the $5,000 only in order that he might hold the same in trust for the life of the beneficiary. When the trust ceased the estate or title of the trustee ceased ipso facto. The testator himself, in fact, disposed of the remainder when he created the trust. When the trust ceased he provided that possession of the principal, or remainder interest, was "to go to her daughter." Obviously the rule laid down in Cammann v. Bailey and Dickinson v. Sheehy, supra, has no application where there are words of direct gift. In this case the words "principal to go to her daughter" are in effect words of direct and immediate gift. It is the same as if the testator had said "upon the decease of Mrs. Leeds I give the principal to her daughter." Indeed, it has recently been held that the words "shall pass to" are words of direct gift. Whitwell v. Whitwell, 146 App. Div. 270, at page 272, 130 N. Y. Supp. 906, at page 908. I deem the words "'to go to her daughter" more expressive of an immediate gift than the words "shall pass to." The words in the will now here to my mind clearly indicate ownership of the remainder in præsenti, not in futuro. The words "to pass to" are susceptible of a future operation; they possibly indicate a transition or suspension of title, whereas the words "to go to" readily imply only a present and direct gift.

[2, 3] Therefore I conclude that the language of the will is sufficient to indicate an intention that the trustee should hold the legal title to the $5,000 fund during the lifetime of Mrs. Leeds, meanwhile paying to her the income, but that her daughter should have the remainder interest, eo instanti, but to take effect in possession upon the termination of the preceding life estate. It is as if the testator had stated that he gave $5,000 to A. for life, and at her decease the sum of money was to belong to her daughter. In that case it would be too clear for argument that the remainder interest was vested. It is immaterial that in this case the present estate, upon which the remainder interest is limited, is bequeathed in trust. The trustee takes only an estate sufficient to enable him to execute the trust. Real Property Law, §§ 100 and 101, which are made applicable to an estate in personal property by section 11, Personal Property Law; Losey v. Stanley, 147 N. Y. 560, 42 N. E. 8; Matter of United States Trust Co., 78 Misc. Rep. 227, page 235, 138 N. Y. Supp. 150. The interposition of a trust estate never prevents the vesting of a remainder interest. Embury v. Sheldon, 68 N. Y. 227; Doscher v. Wyckoff, 132 App. Div. 139, 116 N. Y. Supp. 389.

[4] This will before me requires the application of the principle that words such as "on," "when," "after," "from and after," etc., and similar expressions used in a devise of a remainder following a life

estate are not of themselves sufficient to justify a conclusion that a remainder is contingent and not vested. Trowbridge v. Coss, 126 App. Div. 679, 110 N. Y. Supp. 1108, affirmed 195 N. Y. 596, 89 N. E. 1114; Connelly v. O'Brien, 166 N. Y. 408, 60 N. E. 20. This case resembles Matter of United States Trust Company, supra. For the reasons there pointed out I think the interest of Julia P. Brown must be taken to be vested.

[5-7] This conclusion necessitates an examination of a rather nice question, whether, upon the death of Julia P. Brown in 1887, title to her legacy vested in her legal representatives, and whether or not the decree in this proceeding should direct its payment to her surviving husband or children. The latter are all represented in this proceeding by the same attorneys, and urge that the decree direct payment to the husband, Charles E. Brown, on the ground that under the law of New Jersey in force in 1887 the latter became entitled as sole owner. It does not appear in this proceeding that an ancillary representative has been appointed in this jurisdiction, nor does it affirmatively appear that there are any unpaid debts of the estate of Julia P. Brown. Under such circumstances the legacy may be paid without the intervention of an ancillary administration. Sultan of Turkey v. Tiryakian, 162 App. Div. 613, 147 N. Y. Supp. 978, affirmed 213 N. Y. 429, 108 N. E. 72; Matter of Mercure, 1 Tuck. 288. Furthermore, the title to the legacy belongs to the person beneficially entitled without the intervention of any administration in the domicile. Blood v. Kane, 130 N. Y. 514, 29 N. E. 994, 15 L. R. A. 490; Barlow v. Myers, 24 Hun, 286; Matter of Nash, 159 App. Div. 46, 144 N. Y. Supp. 403; Smith v. Webb, 1 Barb. 230; Matter of Mullon, 145 N. Y. 98, 39 N. E. 821.

Title to property of a decedent vests at once in a sole legatee or distributee where the debts of the estate have been paid without the intervention of an executor or administrator. It has been said that this is so only where there are special circumstances, as, for example, where the right or title has been admitted and an estoppel has taken place. Segelken v. Meyer, 94 N. Y. 473. But in that case title was asserted in behalf of one who was not the sole distributee. In Blood v. Kane, supra, the legatee claiming title without letters testamentary was the sole legatee. Whatever qualifying circumstances must exist, when one of several legatees or distributees asserts title derived from a decedent, a sole legatee or distributee may assert his title irrespective of the special circumstances referred to in Segelken v. Meyer, supra, and the cases therein cited. There is a presumption that there are no debts in the absence of affirmative proof of their existence (Sultan of Turkey v. Tiryakian, supra), and therefore a sole beneficiary has a complete title. In Woodin v. Bagley, 13 Wend. 453, which might appear to read to the contrary, the presumption of the existence of no debts was rebutted by proof of the insolvency of the decedent. In Lounsbury v. Depew, 28 Barb. 47, decedent's debts had not been paid. Schultz v. Cookingham, 30 Hun, 443, was an action by only one of several next of kin, as were likewise Palmer v. Green, 63 Hun, 6, 17 N. Y. Supp. 441, and Nichols v. Smith, 164 App. Div. 304, page 310,

150 N. Y. Supp. 410; Matter of Mullon, supra, sustains and approves the rule that a sole legatee becomes entitled to the assets of the decedent when all the debts have been paid.

In the recent decision of Hart v. Goadby, 138 App. Div. 160, 123 N. Y. Supp. 166, while the plaintiffs were the principal legatees they were not entitled to the entire estate of the decedent to the exclusion of the other legatees, and furthermore, the complaint contained no allegation of fact that the debts had been paid. Bushe v. Wright, 118 App. Div. 320, 103 N. Y. Supp. 410, affirmed 195 N. Y. 509, 88 N. E. 1116, apparently was not a case in which a sole legatee or devisee asserted title coming through a decedent's estate, and moreover, the case involved a construction of section 2606 of the Code of Civil Procedure.

[8, 9] In this case, upon the death of Julia P. Brown, if we apply the law of the state of New York then in force, the title vested in her husband. Revised Statutes, pt. 2, c. 6, tit. 3, § 79, which in effect re-enacted 29 Car. II, c. 3, § 25; McCosker v. Golden, 1 Bradf. Sur. 64.

While the law of the place of domicile must be applied upon all questions of the devolution of personalty (Matter of Hughes, 95 N. Y. 55, and Despard v. Churchill, 53 N. Y. 192), in the absence of proof of the law of New Jersey the common law in force in this state will be applied (Monroe v. Douglass, 5 N. Y. 447; Latham v. De Loiselle, 3 App. Div. 525, 38 N. Y. Supp. 270, affirmed 158 N. Y. 687, 53 N. E. 1127). This presumption is applied in administering the estate of a nonresident decedent, as well as in determining other issues of civil litigations. In Matter of Hughes, supra, the presumption was followed. As was above stated, the husband and sons of Julia P. Brown appear by the same attorneys and acquiesce in a direction for the payment of her legacy to the husband.

[10] However, the accounting trustee is entitled to have the payment directed to the one having legal title, and it is for this reason that the question has been discussed. The surrogate has jurisdiction upon this accounting to determine the legal title to the distributive share bequeathed to Julia P. Brown. In re Kent, 92 Misc. Rep. 113, 155 N. Y. Supp. 383, and cases cited.

The decree should provide that upon the death of Julia P. Brown the legacy referred to in paragraph second of the will of decedent passed to Charles E. Brown, her husband, and that the trust fund should be paid to him. Settle decree accordingly.