Matter of the Construction of the Last Will and Testament of MARGARET LAVINA LAKE McQUEEN, Deceased.

(Surrogate's Court, Lewis County.  February, 1917.)

Wills — directions contained in — construction of — residuary estate — trusts — postponement of payment over of corpus of estate — gifts — annuities — jurisdiction — executors and administrators — accounting.

The " divide and pay over " rule, that where the only words of gift are found in a direction to divide or pay at a future time the gift is contingent and not vested, will never be applied when to do so would nullify the express intention of the testatrix, but there are many exceptions to the rule, two of which are as follows:

1. If the postponement of the payment is for the purpose of letting in an intermediate estate, then the interest will be deemed vested at the death of the testatrix.

2. Where there are words importing a gift in addition to the direction to the executors or trustees to pay over, divide or distribute.

two-thirds equally among the executor and two other legatees. On application under section 2615 of the Code of Civil Procedure for a construction of the will, *held,* that it came squarely within the exceptions of the "divide and pay over" rule because,

*First.* It is evident that the postponement of the payment over of the corpus of the estate was for the purpose of letting in the intermediate life estates.

*Second.* The beneficiaries of the corpus of the estate are designated absolutely and there is no substituted gift to take effect in the event of their death.

*Third.* The gift of a part of the income from the property is made to the annuitant until the time comes for her to receive her share of the corpus of the estate.

*Fourth.* That the legatees of the one-third of the principal of the trust fund are by the terms of the will "to have and to hold the same (their share of the estate) to them and their heirs and assigns forever."

*Fifth.* That from the whole will it is apparent that testatrix intended a present vested gift of the corpus of the estate, enjoyment of which was to be deferred until the death of the three life beneficiaries.

That the trust attempted to be created is invalid and void because it suspends the absolute ownership of the property for more than two lives in being at the death of testatrix in violation of section 11 of the Personal Property Law.

That the gift of one-third of the principal and interest of the estate to the annuitant, and the grandniece, was valid and vested in them, as was also the gift of the two-thirds of said principal and interest of the trust fund to the executor and the two other legatees, and accelerated so they are entitled to the possession and enjoyment thereof in the same manner and to the same extent as though there had been an immediate absolute gift thereof to them.

That the gift of the annuity is void and the court has no jurisdiction in the present proceeding to determine whether the legacy to one of the legatees of the two-thirds of the principal and interest of the trust fund has been forfeited by reason of her having been a subscribing witness to the will and, as such, examined on the probate thereof, but the determination of that question will be postponed until and determined upon the judicial settlement of the accounts of the executor.

Misc.]    Surrogate's Court, Lewis County, February, 1917.

APPLICATION under section 2615 of the Code of Civil Procedure for the construction of a will.

Frank Bowman, for petitioners.

Bronner & Ward, for executor and others.

CARTER, S.   This is an application under section 2615 of the Code of Civil Procedure for construction of the will of said deceased.

The said deceased died on the 7th day of November, 1915, leaving a will dated April 2, 1912, which will was duly admitted to probate in the Lewis county Surrogate's Court on the 13th day of December, 1915.

The 4th, 5th and 6th clauses or items of said will (being the only ones in dispute) are as follows:

"*4th.* All the rest, residue and remainder of my Estate — real and personal of whatever nature and kind, and wheresoever situated, I give and devise and bequeath unto my Executor hereinafter named, · to have and to hold the same to him, his heirs successors and assigns in *Trust* nevertheless, and to and for the following purposes,— to enter into and take possession of the same, and receive the rents, income, dividens and profits thereof and apply the same to the purposes hereinafter mentioned.

"*5th.* I hereby direct and request my Executor to pay $60. annually, in semi-annual payments, to Isabella Jeannett Tilley named in clause 3, until such time as she shall come into the possession of the bequests as hereinafter mentioned.

"*6th.* I hereby direct and request my Executor after the payment and arrangement of and for the obligations mentioned in clauses 3 and 5 — to take the remainder of my Estate as specified in clause 4, and apply the interest, dividens and proceeds of the same

Surrogate's Court, Lewis County, February, 1917.    [Vol. 99.

in three equal parts for the use and support of my niece Mrs. Grace Lavinia Davidson now residing in the city of Washington D. C.— for the use and support of my niece Ella J. McQueen, and for the use and support of my nephew George McQueen both now residing in St. Louis Mo. so long as they shall live. And on the decease of any one of the three after necessary extra expenses have been taken out of that share, the remainder shall be equally divided between the survivor or survivors, and Isabella Jeannette Tilley heretofore mentioned, and Mrs. Katherine. Davidson Ahrens, daughter of Grace Lavinia Davidson, now residing in the city of New York. And after the death of the three, that is — Mrs. Grace Lavinia Davidson, Ella J. McQueen, and George McQueen, and all expenses due are met, the whole of said property, principal and interest, to be paid over and divided as follows. *One third* of whole of said property to be equally divided between Isabella Jeannette Tilley, and Katherine Davidson Ahrens, to have and to hold the same to them, and their heirs, and assigns forever. The remaining *Two thirds* of whole of said property, to be equally divided between Lyman Lyon Merriam, Helen Lyon Merriam, and Augusta Merriam Hone — all now residing in Lyons Falls, Lewis County New York.''

Then followed certain provisions appointing said Lyman Lyon Merriam as executor, to serve without bonds, giving him power of sale and authorizing him as such executor and trustee to hold the securities owned by deceased at the time of her death, or dispose of same, in his discretion for the benefit of the trust. The deceased owned no real property at the time of her death.

That the said Grace L. Davidson and Ella J.

McQueen are nieces, and the said Katherine D. Ahrens is a grandniece, and George McQueen is a nephew, of the said deceased.

That all of the beneficiaries and legatees named in the said will are living.

It is conceded by all parties that the trust attempted to be created by said will is void, because it suspends the absolute ownership of the personal property for more than two lives in being at the death of the testa- trix, and is in violation of section 11 of the Personal Property Law; except that the executor contends that the gift over of the corpus of the estate, one-third to Isabella Jeannette Tilley and Katherine Davidson Ahrens, and two-thirds to Lyman Lyon Merriam, Helen Lyon Merriam and Augusta Merriam Hone, and the gift of sixty dollars per year to said Tilley, are valid; while on the other hand, the petitioners claim that the entire trust is void and the said gift over of the corpus of the estate falls with the trust and is also void. As to whether this gift over of the corpus of the estate is valid or void is practically the only question to be determined.

The first question to be investigated is whether the interests of the legatees in the corpus of the estate is vested or contingent. This brings us to a considera- tion of the so-called " divide and pay over rule," which rule has been stated as follows: " Where the only words of gift are found in the direction to divide or pay at a future time the gift is future, not imme- diate; contingent and not vested." *Matter of Crane,* 164 N. Y. 71. This rule, notwithstanding the criticism to which it has recently been subjected (*Dickerson* v. *Sheehy,* 209 N. Y. 592), is still recognized. *Fulton Trust Company* v. *Phillips,* 218 N. Y. 573, 584. In dis- cussing this rule in *Fulton Trust Company* v. *Phillips,*

*supra,* the court said: " Where a contrary intention is not manifested in the will it is a settled rule of construction that if futurity is annexed to the substance of the gift, the vesting of title is suspended, but if the gift is absolute and the time for payment only is postponed the gift is not suspended, but the title vests at once;" and the court, in the same case at page 583, said: " It is a rule which courts will never apply, where to do so would nullify the express intention of the testator."

It is said there are many exceptions to the rule under consideration. *Matter of Tienken,* 131 N. Y. 391, 409. Two of these exceptions are stated in *Matter of Crane,* 164 N. Y. 71, in substance, as follows: (1) " If the postponement of the payment is for the purpose of letting in an intermediate estate, then the interest shall be deemed vested at the death of the testator." (2) " Where there are words importing a gift in addition to the direction to the executors or trustees to pay over, divide or distribute."

And it seems that the rule under consideration does not apply where there is a gift to a legatee of the income on a fund until the fund is directed to be paid over to such legatee. *Vanderpoel* v. *Loew,* 112 N. Y. 167, 181, and cases cited.

It was recently said by very eminent authority (see dissenting opinion by Chief Judge Cullen, with whom Judges Gray and Willard Bartlett concur, in 209 N. Y. 592) " that a gift by means of a direction to divide or pay over at a future time will not be deemed contingent so as to fail on death before that time, unless provision is made for a substituted gift in favor of the issue of the first devisee or legatee."

· Now that we have this " divide and pay over rule " before us, with some of its exceptions and limitations,

it is evident that it does not apply to the will before us, or at least that the said will is squarely within the exceptions of the rule for the following reasons:

*First.* It is evident that the postponement of the payment over of the corpus of the estate was for the purpose of letting in the intermediate life estates.

*Second.* The beneficiaries of the corpus of the estate are designated absolutely, and there is no substituted gift to take effect in the event of the death of said beneficiaries.

*Third.* The gift of a part of the income from the property is made to Isabella Jeannette Tilley until the time comes for her to receive her share of the corpus of the estate.

*Fourth.* The said legatees, Tilley and Ahrens, are, by the terms of the will, " to have and to hold the same (their share of the estate) to them and their heirs and assigns forever."

*Fifth.* From a view of the whole will it is apparent that the testatrix intended a present vested gift of the corpus of the estate, enjoyment of same to be deferred until the death of the three life beneficiaries.

"A future estate is an estate limited to commence in possession at a future day, either without the intervention of a precedent estate, or on the determination, by lapse of time or otherwise, of a precedent estate created at the same time." Real Property Law, § 37. "A future estate * * * is vested, when there is a person in being, who would have an immediate right to the possession of the property, on the determination of all the intermediate or precedent estates." Real Property Law, § 40. "A remainder valid in its creation shall not be defeated by the determination of the precedent estate, before the happening of the contingency on which the remainder was limited to take effect." Real Property Law, § 58.

The above quotations from the Real Property Law are made applicable to personal property by section 11 of the Personal Property Law.

In *Whitwell* v. *Whitwell*, 146 App. Div. 270, 272, it was held that the words " shall pass to " are words of direct gift. In the case of *Matter of Van Kleeck*, 95 Misc. Rep. 40, the clause of the will under consideration read as follows: " *Second.* I give and bequeath unto my executors and their survivors in trust five thousand ($5,000) dollars, to be by them safely invested, and the income of the same to be handed to Mrs. Daniel W. Leeds, wife of Daniel W. Leeds, and at her decease the principal to go to her daughter." It was held the words " to go to " implied a present and direct gift. In *Matter of United States Trust Company*, 78 Misc. Rep. 227, the 5th clause of the will in question, in substance, gave all of testator's property in trust, the income to be paid to his wife until her death or remarriage, and then " To pay to my brother, David S. Egleston, $25,000.00." David S. Egleston died before the testator's widow. The court, after careful and exhaustive consideration of the subject, held that the gift of $25,000 vested in said David S. Egleston on the death of the testator. In *Matter of Peters*, 96 Misc. Rep. 535, the testatrix gave her executor one-third of her estate in trust for the benefit of her daughter, Anna Maria Taggart, " to pay the net income therefrom as often as half yearly to her during her life, and in trust upon and after her death *to pay over and divide* the principal or capital thereof to and among the children of my said daughter, in equal shares, upon their severally becoming twenty-one years of age, and during their minority to apply the income of each child's share to his or her use toward their support and maintenance." The

testatrix died on the 4th of January, 1897, and her daughter, Anna Maria Taggart, died on the 5th of September, 1915. At the date of the death of the testatrix Anna Maria Taggart had four children living, and three of them survived the life tenant. The other, Josephine Wilde, predeceased her mother, but was survived by three infant children. Held, on authority of *Fulton Trust Company* v. *Phillips, supra,* that the remainders were vested, and the share of the said Josephine Wilde goes to her legatees if she made a will, or to her next of kin if she died intestate.

It seems to me that the words " to be paid over and divided," as used in the will before us for construction, mean the same and would be generally understood to mean the same as though the testatrix had used the words " shall pass to," " to go to," " to pay to," used in the cases above mentioned, or the words " I give."

The will in question was drawn by the testatrix, and I think she used the words which would usually have been employed by a layman, and perhaps those learned in the law, in expressing a present gift, the enjoyment of which was postponed to let in life estates. A will drawn by a layman should receive much the same construction as a layman would give it. *Overheiser* v. *Lackey,* 207 N. Y. 229, 233, 234; *Mee* v. *Gordon,* 187 id. 400, 408.

It is said the interposition of a trust estate never prevents the vesting of a remainder interest. *Matter of Van Kleeck,* 95 Misc. Rep. 40.

"A remainder is not to be considered as contingent in any case where it may fairly be construed to be vested, since the law favors the vesting of estates. The adverbs of time, therefore, such as when, then, after, from and after, etc., in a devise of a remainder

13

Surrogate's Court, Lewis County, February, 1917.    [Vol. 99.

limited upon a life estate, are construed to relate merely to the time of the enjoyment of the estate and not to the time of its vesting in interest." *Connelly* v. *O'Brien,* 166 N. Y. 406, 408.

The rule that in a doubtful case the construction of the will should be more favorable to the next of kin should not apply here as to the said Lyman L. Merriam, Helen L. Merriam and Augusta M. Hone, in view of the evidence which shows testatrix's long, friendly and intimate relation with them and their ancestors, she having lived as one of the family with them or their ancestors for about seventy-six years, in close friendly relation, until her death at ninety-nine years of age; and all of the property owned by her having been received by her for services in their families and in the families of their ancestors.

When we take into consideration that the law favors the vesting of estates (*Cammann* v. *Bailey,* 210 N. Y. 19, 30); that where the will is silent as to the period of vesting the gift is vested immediately on the will coming into operation, whenever it appears that the enjoyment of the legatee is postponed merely for the convenience of the estate or to let in an intervening interest (*Matter of United States Trust Company,* 78 Misc. Rep. 230, 236); that the interpretation is to be preferred which will prevent either a total or partial intestacy (Jessup-Redf. Surr. 544, and cases cited); and that in every case the intention of the testator controls (*Cammann* v. *Bailey,* 210 N. Y. 19, 30); we are forced to the conclusion that the gift over of the corpus of the estate to Tilley, Ahrens, Lyman L. Merriam, Helen L. Merriam and Augusta M. Hone became vested in said legatees at the time of the death of the testatrix and that the time of the enjoyment only of the gift was postponed until the death of the three life beneficiaries.

In *Kalish* v. *Kalish,* 166 N. Y. 368, 374, 375, the court said: " It is axiomatic that courts cannot make new wills for testators who have failed to make valid wills for themselves. While recognizing the force of this truth courts have from the earliest times been compelled to choose between the alternatives of setting aside certain wills altogether, or of cutting out simply their void provisions. This necessity has led to the rule which is now firmly established in this state, that when the several parts of a will are so intermingled or interdependent that the bad cannot be separated from the good, the will must fail altogether; but when it is possible to cut out the invalid provisions, so as to leave intact the parts that are valid, and to preserve the general plan of the testator, such a construction will be adopted as will prevent intestacy, either partial or total, as the case may be."

The trust being for more than two lives and therefore void, and the gift over of the corpus of the estate being vested and valid, as we have seen, and it appearing that the main object of the testatrix was to give the corpus of her estate to the legatees named, no good reason appears why we cannot hold the trust void and the gift over valid and accelerated so as to take effect in enjoyment as of the date of the death of the testatrix. We are not without authority in doing this. *Kalish* v. *Kalish, supra,* and cases therein cited, and *Matter of Berry,* 154 App. Div. 509, unanimously affd. 209 N. Y. 540, no opinion.

In the *Berry* case the testator, by the 10th clause of his will, in substance, gave all of the remainder of his property to his executor in trust, to invest and pay the income therefrom for a period of five years from the date of the death of the testator, one-half thereof to a corporation (named) and the other half to another

corporation (named), and after the expiration of said five years " to pay over the principal of my said residuary estate to the Lutheran Hospital." It was held that the gift of the income to the two corporations was invalid, because the trust was measured not by two lives in being but by the definite period of five years; that the gift to the Lutheran Hospital was a vested remainder and valid; and " that a vested gift, otherwise valid, will not fail merely because it is limited to take effect at the expiration of a trust which is void under the Statute of Perpetuities."

The last mentioned authority is directly in point and controlling in the case at bar. The only possible distinction that has been suggested between the said *Berry* case and the case at bar is that the trust in the *Berry* case is for a definite period of five years, while in the case at bar the trust is for three lives; that the time of vesting of the estate in the *Berry* case was fixed and certain while the exact time of vesting in the case at bar is uncertain. I fail to see any force to this argument. A trust (like the one in question) measured by a fixed time, however short or long, is equally void with a trust measured by more than two lives. It is not the certainty of the time of the happening of the contingency, but the certainty that the contingency will occur that determines whether the estate is vested. *Williamson* v. *Field,* 2 Sandf. Ch. 533, 4 Kent, 203. In both the *Berry* case and the case at bar the trusts are void but the gifts over of the remainder are vested and valid.

The case of *Hitchcock's Will,* 176 App. Div. 326, is also directly in joint and is to the same effect as *Matter of Berry, supra.*

The cases relied upon by the petitioners to show that the gift over of the remainder was void, namely, *Fow-*

*ler* v. *Ingersoll,* 127 N. Y. 472; *Hooker* v. *Hooker,* 166 id 156; *Schettler* v. *Smith,* 41 id. 328; *Knox* v. *Jones,* 47 id. 389; *Hawley* v. *James,* 16 Wend. 62; *Colton* v. *Fox,* 67 N. Y. 348, and other cases cited, are all distinguishable from the case at bar for the reason that in each of said cases the gift over was contingent and not vested, the identity of the parties to whom gifts were made being uncertain at the death of the testator.  The case of *Hawley* v. *James, supra,* seems to support the contention of the executor; and see discussion of same in *Everitt* v. *Everitt,* 29 N. Y. 39, 81.

The case of *Simpson* v. *Trust Company of America,* 59 Misc. Rep. 96; affd., 129 App. Div. 200; affd., 197 N. Y. 586, no opinion, is also distinguishable from the case at bar, because after the void trust in the will then under consideration, the gift over to the nephew, Joseph S. Lichtenberg, and the niece, Allie Lichtenberg, was followed by these words: " so that the lawful issue of either of them who shall have deceased will take the parent's share," and therefore the gift over was contingent and not vested, for it could not be ascertained until the end of the trust period whether the nephew and niece or their issue would take the gift over.

It is also contended by the executor that the gift of sixty dollars a year to the said Isabella Jeannette Tilley is payable out of the principal and not out of the income and therefore that it is valid; but in my opinion, from the reading of clauses 4 and 6 of said will this gift of sixty dollars per year is to be paid out of income of the trust fund, and since the trust is void this gift is also void.

I am asked to determine in this proceeding whether Augusta M. Hone has forfeited her right to the legacy given to her by said will by reason of her having been one of the two subscribing witnesses to said will and one of the witnesses examined on the probate thereof.

It is contended by the executor that this court has no jurisdiction to determine this question at this time and that a determination should not be made until the time of the final accounting and distribution herein, but no objection is made as to the jurisdiction of this court to determine any other question arising in this proceeding.

Section 2615 and subdivision 8 of section 2510 of the Code of Civil Procedure confer jurisdiction on this court, in a special proceeding brought for that purpose, " To determine the validity, construction or effect of any disposition of property contained in any will proved in his court."

Prior to the enactment in 1914 of the statute above quoted, Surrogates' Courts did not have jurisdiction to pass on the question here presented in an independent proceeding, and such question could only be determined in an action brought for that purpose, or on the accounting of the executor. *Matter of Beck,* 6 App. Div. 211, 214; affd., 154 N. Y. 750.

Does the language of the statute above quoted authorize this court in such independent proceeding to determine whether the valid gift by said will to said August M. Hone has been forfeited because of her having signed the will as a witness and been examined on the probate thereof?

After careful consideration I have reached the conclusion that the language above quoted does not confer such jurisdiction on this court; that to determine such question is not a construction of the will but is the determination of a question independent of the will, outside thereof and subsequent thereto; and that this question should not be determined in this proceeding but should be postponed until and determined upon the accounting of the executor herein.

I, therefore, decide that the trust attempted to be

created by said will is invalid and void; that the gift in the 6th clause or item of said will of the principal and interest of the estate to Isabella Jeannette Tilley, Katherine D. Ahrens, Lyman Lyon Merriam, Helen Lyon Merriam and Augusta Merriam Hone is valid and vested in them, and accelerated so they are entitled to the possession and enjoyment thereof in the same manner and to the same extent as though there had been an immediate and absolute gift thereof to them by said will; that the gift of sixty dollars per year to said Isabella Jeannette Tilley is void; that this court has no jurisdiction, in the proceeding, to determine whether the legacy of said Augusta M. Hone has been forfeited, and that the determination of that question be postponed until and determined upon the accounting of the executor of said will.

Decreed accordingly.