In the Matter of the Accounting of WALTER W. TOWNSEND, as Administrator C. T. A. of the Estate of ALONZO J. HART, Deceased.

Surrogate's Court, Westchester County, June 21, 1943.

*Robert P. Smith* for Walter W. Townsend, as administrator *c. t. a.*

*Otto C. Jaeger* for White Plains Hospital.

*Martin Ginzler* for Frances Townsend.

*Stephen B. Vreeland* for persons possibly in military service.

MILLARD, S. In this accounting proceeding it has become necessary to construe certain portions of the will of the above-named decedent. Among the questions presented is whether or not there was a lapse of certain legacies which became payable upon the death of the widow of testator. The legacies in question are in varying amounts and were made *nominatim* to Annie Josephine Hatch, William Huntington Carter and Howard E. Townsend, each of whom survived the testator, but predeceased the widow of testator. In each of the three instances the testator directed the respective legacies: " To be paid out of remainder

and residuary * * * I do hereby give, demise, devise and bequeath * * *." Although payable from remainder interests, each of said legacies is therefor disposed of by words of present gift. It is well settled that the law favors the early vesting of estates. (*Matter of Chalmers,* 264 N. Y. 239.) Where the will is silent as to the time of vesting it has been held that the gift vests immediately upon the effective date of the instrument. (*Matter of McQueen,* 99 Misc. 185; *Matter of U. S. Trust Co.,* 78 Misc. 227.) If the circumstances indicate that payment is postponed for the purpose of letting in an intermediate estate, it may be concluded that the gift was intended to be absolute. (*Matter of Lamb,* 182 App. Div. 180, affd. 224 N. Y. 577; *Matter of Soy,* 143 Misc. 217.) In some instances gifts made *nominatim* have been regarded as indicating an intent that the remainder was to vest on the testator's death even though possession or enjoyment thereof was postponed. (*Matter of Merriam,* 168 Misc. 932; *Matter of McParlan,* 169 Misc. 1027.)

It is contended that the term " *lapse* legacies " as employed herein includes not only bequests to those who might have predeceased the testator but those as well who survived the testator but predeceased his widow. That in the broader sense the term may include legacies which fail for any reason is not material in ascertaining whether the testator intended that the bequests to those who survived the decedent, but predeceased his widow, were to lapse. In only one instance did the testator specifically provide against a lapse to a named legatee, as to a gift payable from the remainders, and such substitutionary gift was conditioned upon the legatee's predeceasing the testator, and not upon his or her predeceasing any one or more of the life beneficiaries, a contingency which did not occur. There is therefore no express provision for a lapse under the latter contingency. An absolute gift may not be cut down by a later provision except by language equally as clear as that used in making the original gift. (*Herzog* v. *Title Guarantee & Trust Co.,* 177 N. Y. 86.) Futurity is not annexed to the substance of the aforesaid legacies, but payment or enjoyment thereof only is postponed. As to these three legacies, therefore, the court determines that the gifts are present and not future, vested and not contingent. (*Matter of Crane,* 164 N. Y. 71.) The court accordingly determines that the aforesaid bequests did not lapse on the deaths of the respective legatees.

It is clear that under any circumstances and irrespective of the holding of this court as to whether any one or more of the aforementioned legacies lapsed, there must be an abatement as to all legacies payable from the remainders, with the excep-

tion of the legacy of $5,000 to Emma Potter, now deceased, whose rights were determined in a prior proceeding. (See decision of this court, dated August 3, 1937.) There remains to be considered, however, the testator's intent as to the manner and extent of such abatement. The testator directed in substance that after the payment of the legacy to Emma Potter, the balance of the remainder interests were to be divided into two equal parts, therein designated as Part One and Part Two, respectively. The court determines that the maximum amount of the bequest to the White Plains Hospital which, under any circumstances, might be payable from Part One, is in effect limited by the terms of the will to the sum of $4,000, and that in ascertaining the extent of the abatement of the legacies payable from Part One, the percentage of such legacies shall be computed by employing as a numerator the respective amounts of the other bequests under Part One, totaling $11,500, and a numerator of $4,000 with respect to the legacy to the White Plains Hospital payable from Part One, and a common denominator of $15,500. The amount available for distribution under Part One shall be ascertained by deducting from the remainder interests the legacy to Emma Potter in the sum of $5,000 and any commissions or other administration expenses and other charges properly payable. One half of the sum then remaining will be applicable to the aforesaid legacies under Part One, and the legacies payable from Part One shall abate pro rata, as above set forth.

The remaining one half is applicable to the legacies to be paid from Part Two. In ascertaining the extent of abatement under Part Two, the court construes the will of the testator as limiting the amount payable to the White Plains Hospital therefrom to a sum equalling the amount payable to it under Part One. For purposes of computation, therefore, the amount of the legacy to the White Plains Hospital, payable from Part Two, will be fixed at $4,000. Said legacy to the hospital in the sum of $4,000 and each of the legacies in the sum of $2,000, payable from Part Two, shall be employed as numerators. In the case of the gift under article " Twenty-ninth " of the will, the numerator of $7,500 will be used. Employing as a common denominator the sum of $15,500 there shall be a prorata abatement of the Part Two legacies accordingly.

As it appears that the estate has heretofore paid the State transfer taxes, the taxes so paid shall be added back and such tax shall be properly apportioned among, and deducted from the shares of, those who are now to receive distribution.

Proceed accordingly and settle decree.