In the Matter of the Petition of JAMES UNDERHILL, Respondent, for a Decree to Compel the Payment of a Legacy under the Last Will and Testament of ABRAHAM UNDERHILL, Deceased.

EDWARD C. UNDERHILL and JULIET UNDERHILL, as Executors, etc., of ABRAHAM UNDERHILL, Deceased, Appellants.

*Will — when the executors in setting aside a fund and paying over the income act as such and not as trustees — jurisdiction of the Surrogate's Court in respect thereto.*

A will provided as follows: "I give and bequeath to my grandson, James Underhill, son of my deceased son, James Underhill, fifteen thousand dollars ($15,000). The same to be held by my executors in trust, to keep the same invested and apply the income thereof to his use until he arrives at the age of twenty-five years, when they shall pay over the said trust fund so held in trust for him, to him."

The executors, although no accounting had been had or decree of the surrogate made, set apart a fund, which was held and invested by them under this provision of the will.

*Held,* that on the arrival of the beneficiary at the age of twenty-five, the Surrogate's Court had power, on his motion, to compel the executors, as such, to pay to him the amount of the legacy.

Where a will provides for the coexistence continuously and from the beginning of the two functions of executors and trustees, so that the two exist from the death of the testator and run along and are blended together until the final performance of the duties, the persons exercising those duties do so as executors and not as trustees.

APPEAL by Edward C. Underhill and Juliet Underhill, as executors, etc., of Abraham Underhill, deceased, from a decree of the Surrogate's Court of the county of New York, entered in said Surrogate's Court on the 29th day of July, 1898, granting the petitioner's motion to compel the appellants to pay to him the amount of a legacy bequeathed to him by the will of the said Abraham Underhill, deceased.

*J. Alexander Koones*, for the appellants.

*Robert D. Murray*, for the respondent.

RUMSEY, J.:

This is an appeal by the executors of Abraham Underhill from a decree of the surrogate of the county of New York, requiring them to pay to the petitioner, James Underhill, a legacy bequeathed to him by Abraham Underhill, his grandfather. The proceeding is taken under section 2722 of the Code of Civil Procedure, which provides that a person entitled to a legacy may present a petition to the Surrogate's Court praying for a decree directing an executor to pay the petitioner's claim, and that he be cited to show cause why such a decree should not be made. The petition was presented under this section, and upon the return of the citation the executors filed an answer upon which they insisted that this proceeding could not be maintained under the section above cited.

There is no disputed question of fact in the case. It appears that Abraham Underhill died in the year 1886; that his will was admitted to probate on the fourteenth of May of that year, and that the appellants are the executors who qualified. The will contains the following clause : " I give and bequeath to my grandson, James Underhill, son of my deceased son, James Underhill, fifteen thousand dollars ($15,000). The same to be held by my executors in trust, to keep the same invested and apply the income thereof to his use until he arrives at the age of twenty-five years, when they shall pay

over the said trust fund so held in trust for him, to him; and in their discretion they may pay over the same to him on his arriving at the age of twenty-two years." The petitioner has reached the age of twenty-five years. The executors have been applied to for the payment of the legacy, but it has not been paid. There are sufficient assets from which the legacy might be paid. These facts are not disputed. The executors say in addition, however, that they invested the $15,000 in first mortgages on real estate, and have applied the income of the share of James Underhill to his use.

Upon these facts the executors insisted that the court had no jurisdiction to make a decree in the proceeding under this section. Their claim was that they had ceased to hold this fund in their capacity as executors, but held it as trustees, and that the application could only be made under section 2804 of the Code of Civil Procedure, which authorizes an application to the surrogate to compel the payment by a testamentary trustee of money to which the applicant is entitled. It may be said that this petition does not upon its face purport to be based upon either section of the statute, and that as the proceedings under each section are practically the same, the decree might be sustained, even though it should be held that the surrogate's jurisdiction was acquired from section 2804 instead of from section 2722. But it is not necessary, in our judgment, to decide the case upon that ground. It was assumed by each party that the proceeding was taken under section 2722, and we are of the opinion that upon that assumption the case shows that the surrogate had jurisdiction under that section, and that the decree was proper.

The appellants claim that the $15,000 was a trust fund, which the testator intended should be separated and kept apart from the bulk of the estate; that it was held and invested by the appellants as testamentary trustees; and that, as they were testamentary trustees, section 2722 did not apply. The claim that the appellants were solely testamentary trustees, and that, therefore, section 2722 did not apply, cannot be sustained. There has been no accounting by the executors and no decree of the surrogate setting apart this fund as a trust fund to be held by the appellants as trustees and discharging them as executors from the further control over it.

While it is not essential that such a decree should be made before the appellants could change their situation from executors into trustees, yet the fact that it was not made is worthy of consideration. The appellants claim, however, that the duty imposed upon them by this will was not executorial in its nature, but that it could only be performed by them as trustees. In this claim we think the authorities are conclusive against them. In *Valentine* v. *Valentine* (2 Barb. Ch. 430) the testator had directed the residue of his estate to be divided between three of his sons, one of whom was a lunatic; and, in reference to his share, the testator directed the executors to invest it at interest upon good security, and to apply the income to the support of the lunatic during his life, and after his decease to pay the principal to his children in equal shares. It was claimed under this will that the executors, having invested the legacy of the lunatic, had ceased to be executors, but had become trustees, and that they were entitled to double commissions upon the fund thus invested and held. The chancellor repudiated this contention. He held that the trust was inseparable from the executorship. He said that under the will of the testator it was their duty to invest the capital of the share of the lunatic upon permanent securities in the names of the executors jointly as such, and that the executors, in investing and caring for that fund, were simply performing as executors the duty which was imposed upon them by the will. The same rule is laid down by this court upon substantially the same facts in *Lansing* v. *Lansing* (45 Barb. 182). In that case the executors were directed to invest a certain sum for a definite time and to pay over the income, and it was said that they acted as executors in so doing, and not as trustees. This case is approved in *Hall* v. *Hall* (78 N. Y. 535); and these cases, we think, are decisive of the one at bar. The rule as laid down in the case of *Johnson* v. *Lawrence* (95 N. Y. 154) is, we think, the proper rule; that where the will provides for the coexistence continuously and from the beginning of the two functions of executors and trustees, so that the two exist from the death of the testator and run along and are blended together until the final performance of the duties, the persons exercising those duties do so as executors and not as trustees. The cases cited by the appellants are not in point. In *Matter of Mason* (98 N. Y. 527) the trust funds had been actually set apart

and separated by the decree of the surrogate upon the accounting, and since that time the only character in which those who had been executors acted in regard to the funds thus set apart was that of trustees. In *Hurlburt* v. *Durant* (88 N. Y. 121) the executors had claimed that they were entitled as trustees to double commissions upon a certain fund in their hands, and they had refused to pay any part of the legacy until their claim for such commissions had been allowed. It was allowed by the legatees and afterwards a proceeding was taken in the Surrogate's Court to compel the executors to pay over the amount which they had retained for double commissions by virtue of the agreement allowing them. The court discussed the question whether they held the fund as trustees or as executors, and was inclined to think that, upon the whole case, they held it as trustees; but the final conclusion was that, without determining that the facts established a valid and complete separation of the two capacities of executor and trustee, it was enough to say that they left that question not free from doubt, and so the adjustment of the commissions between the legatees and the executors should stand as the settlement of a disputed question ; and the conclusion was that, because of that settlement, the legatees were not in a position to insist that the executors were not entitled to double commission as trustees.

We have examined the other cases cited to sustain the contention of the appellants, but none of them changes the rule as established by the cases cited above, and we think that, under this law, it is quite clear that the executors continued to hold the fund in their capacity as executors, and that for that reason the surrogate had jurisdiction under section 2722 of the statute, and his decree should be affirmed, with costs.

VAN BRUNT, P. J., BARRETT, PATTERSON and O'BRIEN, JJ., concurred.

Decree affirmed, with costs.