(138 App. Div. 160.)

HART et al. v. GOADBY et al.

(Supreme Court, Appellate Division, First Department. May 13, 1910.)

1. ACTION (§ 50*)—CAUSES OF ACTION—JOINDER.
    An action by executors of the life beneficiary of a trust fund for diversion of the income during the life of the beneficiary cannot properly be joined with an action by the remaindermen for diversion of the fund after the life beneficiary's death.
    [Ed. Note.—For other cases, see Action, Cent. Dig. §§ 511–547; Dec. Dig. § 50.*]

2. TRUSTS (§ 233*)—DEVASTAVIT—ACTION TO RECOVER FUNDS.
    The use of trust funds for speculating in stocks, although in the name of an executor as such, or on his individual account, is a devastavit of

the estate, and gives a cause of action in favor of the executor or trustee to recover the funds if they remain intact, or have an accounting for the amount or value thereof, or, at the election of the executor or trustee, for the profits therefrom.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 339; Dec. Dig. § 233.*]

**3.** Trusts (§ 243*)—Action by Trustee—Condition Precedent.

Where trust funds are used for speculating in stocks, the successors of the executor or trustee may bring an equitable action to recover the funds or for an accounting by the brokers, without first calling the executor or trustee, who is guilty of the misconduct, to account.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 350; Dec. Dig. § 243.*]

**4.** Descent and Distribution (§ 91*)—Wills (§ 748*)—Actions by Heirs or Devisees as to Personalty.

Since the title to personal property of an intestate or a testator is vested in the administrator or executor, he alone can maintain an action therefor, and it is immaterial whether the decedent left creditors, or whether they have been paid, as the action can be maintained by his next of kin only in exceptional circumstances, where their right and title has been admitted under circumstances constituting an estoppel, or where it is brought for the benefit of the estate.

[Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig. § 359; Dec. Dig. § 91;* Wills, Cent. Dig. § 1920; Dec. Dig. § 748.*]

**5.** Trusts (§ 247*)—Actions by Beneficiaries—As to Personalty.

Where personalty is held by executors or trustees in trust, and they have been guilty of a devastavit by diverting trust funds, the action to recover the funds is vested in them or their successors and can only be maintained by them or their successors, except where they refuse to bring the action or a demand would be futile or cannot be made, in which case the action may be brought by the beneficiaries, making the executors or trustees defendants or suing in behalf of all parties interested.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 353; Dec. Dig. § 247.*]

**6.** Pleading (§ 7*)—Necessity of Pleading Matters of Presumption.

In an action relating to trust funds devised by decedent, the lapse of 30 years since his death does not raise a presumption that all his debts and legacies have been paid, where there is no allegation in the complaint to that effect.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 7.*]

**7.** Limitation of Actions (§ 65*)—Rights of Legatees—Proceedings to Fix Liability.

Under the express provisions of Code Civ. Proc. § 1819, the statute of limitations does not run as to legacies until there has been an accounting, unless the trust has been openly repudiated.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 347; Dec. Dig. § 65.*]

**8.** Pleading (§ 7*)—Necessity of Pleading Matters of Presumption.

In an action relating to trust funds devised by decedent, where there is no allegation that any of the executors have accounted, or that the amount of the residuary estate was in any manner determined or set apart for the purposes of a trust under the will, or that the executors completed their functions· as such and became trustees, there is no presumption that the funds alleged to have been diverted were the trust funds held by the executors under the residuary clause of the will, or

.*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that the beneficiaries of the trust alone are interested in a recovery of the funds.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 7.*]

9. TRUSTS (§ 169*)—REMOVAL OF EXECUTOR—NECESSITY OF APPOINTING SUCCESSOR.

Where a surviving executor of a will devising a trust fund was removed for misconduct, the existence of a cause of action for diversion of the fund was sufficient authority for the appointment of a successor.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 222-224; Dec. Dig. § 169.*]

Appeal from Special Term, New York County.

Action by Charles H. Hart and others against William H. Goadby and others. From an interlocutory judgment sustaining a demurrer to the complaint, plaintiffs appeal. Affirmed, with leave to amend.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

W. H. Van Benzchoten (John M. Bowers and Charles H. Edwards, on the brief), for appellants.

Allan McCulloh (Charles W. Pierson and George D. Zahm, on the brief), for respondents.

LAUGHLIN, J. This action is brought by the remaindermen and by the executors of the life beneficiary of a trust fund under the last will and testament of Joseph B. Hart, deceased, against the members of a firm of stockbrokers, for an accounting concerning trust funds alleged to have been delivered to them by one of the executors of said last will and testament for the purpose of speculating in stocks; it being alleged that the moneys were received and used by the defendants with full knowledge of the fact that they were trust funds. The grounds of the demurrer are that the complaint fails to state facts sufficient to constitute a cause of action; that it fails to state a cause of action in favor of the executors of the deceased beneficiary; that there is a misjoinder of parties plaintiff, in that the individual plaintiffs are interested in the principal of the remainder only, and they are joined with the executors of the deceased beneficiary who are interested in the income which accrued prior to the death of their testatrix; that causes of action have been improperly united, in that the cause of action in favor of the remaindermen, affecting only the principal, is joined with a cause of action in favor of the executors, affecting only income; that the remaindermen are not interested in that part of the fund claimed by the executors and vice versa; that there is a defect of parties plaintiff or defendant, in that John Jay Nestell, the surviving executor and trustee under the will of Joseph B. Hart, is not joined; and that there is a defect of parties plaintiff or defendant, in that no executor, administrator, trustee, or other representative of said Joseph B. Hart is joined.

The learned court at Special Term decided that there was a misjoinder of parties plaintiff, and that causes of action were improperly united, as claimed in the demurrer.

We agree with the views expressed by the learned justice at Special Term that there is a misjoinder of parties plaintiff, and that alleged causes of action have been improperly united. If the defendants are liable to plaintiffs separately, it would seem that it would be more convenient for them to have only one accounting, by which their liability, both to the remaindermen and to the representatives of the life beneficiary, would be determined and settled; but by their demurrer they object, and, since it appears by the allegations of the complaint that a considerable part of these funds were diverted after the death of the life beneficiary, those allegations show a cause of action in which the remaindermen, assuming that they could maintain an action, would be solely interested, and in which the executors of the life beneficiary, assuming that they could maintain an action, have no interest whatsoever. The diversion of the trust funds subsequent to the death of the life beneficiary can in no manner affect her estate, for it is not alleged that the trustee thus diverted any income to which her personal representatives had become entitled. Under the authorities cited by the learned counsel for the plaintiffs, it may be that, if causes of action were vested in the remaindermen and in the personal representatives of the life beneficiary for an accounting for the diversion of the funds prior to the termination of the trust, the remaindermen being entitled to the principal, and the personal representatives of the deceased life beneficiary being entitled to the income of the same funds, they might unite as plaintiffs for an accounting on which the one would recover the principal and the other the income, on the theory that the causes of action arose out of the same transactions, and that all of the plaintiffs would be interested in each separate diversion of funds, notwithstanding the fact that their interests are not the same or in the same part of the fund, thus avoiding a multiplicity of suits (Code Civ. Proc. § 446; Story on Eq. Pleadings [3d Ed.] § 219; Derham v. Lee, 87 N. Y. 599; McKinney v. Collins, 88 N. Y. 216; Simar v. Canaday, 53 N. Y. 298, 13 Am. Rep. 523; Bradley v. Bradley, 165 N. Y. 183, 58 N. E. 887; Shepard v. Manhattan Railway Co., 117 N. Y. 442, 23 N. E. 30); but, as has been seen, the remaindermen only would be interested in the diversion of the funds which took place after the death of the life beneficiary, and such diversion would give rise to separate causes of action in which the representatives of the life beneficiary manifestly would have no interest.

We are of opinion, however, that the plaintiffs have failed to allege facts sufficient to show that the causes of action are vested in them, either jointly or severally.

It appears that the will of Joseph B. Hart was admitted to probate on the 28th day of December, 1878. After giving certain legacies, the testator gave the income of the rest, residue, and remainder of his estate to his wife, during life, in lieu of dower, and in the event of her remarrying he limited this bequest to the income of $50,-000, and he gave the principal of the remainder to his three children, who are the individual plaintiffs, share and share alike. He appointed his wife and his brother and said Nestell, who was his brother-

in-law, his executrix and executors of his will, and he directed that they invest his personal estate, and the proceeds of such of his real estate as they should sell, and to pay over the net annual income of both his real and personal estate as provided in the will. There is no duty expressly enjoined on the executors with respect to a distribution at the expiration of the trust. The executors and executrix qualified. The executor, who was his brother, died on the 10th day of January, 1896, and the executrix died on the 21st day of September, 1907. On the 2d day of December, 1908, the surviving executor, Nestell, was removed by a decree of the Surrogate's Court, and the letters testamentary issued to him were canceled. No misconduct is alleged on the part of the deceased executor or executrix, but it is alleged that from time to time, commencing on the 27th day of February, 1898, and ending on the 28th day of August, 1899, Nestell, as such executor, diverted and misappropriated large amounts of the trust funds, the items of which are specified, and other trust funds not specified, by delivering the same to the defendants for investment on his individual account, and that the defendants knew that the moneys and funds, so received, belonged to said estate.

It is well settled that the use of trust funds for speculating in stocks, whether in the name of the executor or the trustee, as such, or on his individual account, is a devastavit of the estate, and gives rise at once to a cause of action in favor of the executor or trustee to recover the funds, if they remain intact, or for an accounting for the amount or value thereof, or, at the election of the executor or trustee, for the profits derived therefrom. Steele, Adm'r, v. Leopold et al., 135 App. Div. 247, 120 N. Y. Supp. 569. In such case the successor of the executor or trustee could bring an equitable action to recover the funds, or for an accounting by the brokers without first calling the executor ,or trustee, who was guilty of the misconduct to account. Steele, Adm'r, v. Leopold et al., supra.

It is not alleged that the executors of Joseph B. Hart, or any of them, have accounted, or that there were no creditors of the estate, or that the creditors, if any, were paid, or that the legacies have been paid. It is a well-settled rule of law that the title to the personal property of an intestate or of a testator is vested in his administrator or executor, who alone can maintain an action therefor, and it is immaterial whether or not the decedent left creditors, or whether or not they have been paid, for the action can only be maintained by his next of kin in exceptional instances where their right and title has been admitted under circumstances constituting an estoppel or where it is brought for the benefit of the estate (Woodin et al. v. Ragly, 13 Wend. 453; Palmer v. Green, 63 Hun, 6, 17 N. Y. Supp. 441; Bushe v. Wright, 118 App. Div. 320, 328, 103 N. Y. Supp. 410; Blood v. Kane, 130 N. Y. 514, 29 N. E. 994, 15 L. R. A. 490; Lane v. Albertson, 78 App. Div. 614, 79 N. Y. Supp. 947; Hyde v. Stone, 7 Wend. 354, 22 Am. Dec. 582; Segelken v. Meyer, 94 N. Y. 474); and where personal property is held by executors or trustees in trust, and they have been guilty of a devastavit in wrongfully diverting trust funds, the action to recover the same is vested

in them or in their successors, and can only be maintained by them or their successors, excepting in exceptional cases where they refuse on demand to bring the action, or a demand on them would be futile or cannot be made, in which event the action may be brought by the beneficiaries making the executors or trustees a party defendant where that is practicable, or bringing the action in behalf of all parties interested in the estate (Robinson v. Adams, 81 App. Div. 20, 80 N. Y. Supp. 1098, affirmed 179 N. Y. 558, 71 N. E. 1139; Western Railway Co. v. Nolan, 48 N. Y. 513; Busche v. Wright, supra, 118 App. Div. 330, 103 N. Y. Supp. 410; Ettlinger v. P. R. Co. et al., 142 N. Y. 189, 36 N. E. 1055, 40 Am. St. Rep. 587).

The learned counsel for the plaintiffs contends that there are exceptional circumstances in this case which give the plaintiffs the right to maintain the action, on the authority of the decisions herein cited and other kindred cases. The difficulty with this contention is that, without the necessary facts being pleaded, the court is asked to indulge in certain presumptions which, if the allegations of the complaint were sufficient, might avail the plaintiffs. It is first claimed that the great lapse of time gives rise to a presumption that all of the debts of the testator and his legacies have been paid; but there is not even an allegation in the complaint to the effect that they have been paid. Moreover, as to legacies the statute of limitations does not run until there has been an accounting unless the trust has been openly repudiated. Code Civ. Proc. § 1819; Matter of Irvin, 68 App. Div. 158, 74 N. Y. Supp. 443. We have not overlooked the fact that the principal legatees are the individual plaintiffs; but there were others. Had there been appropriate allegations of payment, it may be that, since the will was probated upwards of 30 years ago, that obstacle might be overcome on the basis of a presumption of payment; but the presumption of payment arising from lapse of time is not conclusive, and the defendants would have a right to join issue on the allegation, and, although the plaintiffs very likely might rest in the first instance on the presumption, the defendants would be at liberty to defeat the action on showing some valid and enforceable outstanding claim or legacy.

Again, the plaintiffs argue that there is a presumption based on the lapse of time that the funds which were diverted were trust funds held in trust by the executors under the residuary clause of the will, and that therefore the plaintiffs alone are interested in the recovery thereof. Here again the court is asked to indulge in a presumption without appropriate allegations in the complaint which, if contained therein, might entitle the plaintiffs to whatever advantage would arise from the fact that the funds diverted were part of the residuary estate. There is no allegation that any of the executors have accounted, or that the amount of the residuary estate was in any manner determined or set apart for the purposes of the trust by direction of the court or otherwise, or that the executors completed their functions as such and became trustees. It must be presumed, therefore, that the executors held the property in this capacity as executors. Matter of Underhill, 35 App. Div. 434, 54 N. Y. Supp. 967, affirmed 158 N. Y. 721, 53 N. E. 1133.

It does appear that the surviving executor was removed, and it follows that he could not thereafter maintain the action, and, since he could not maintain the action, of course it was unnecessary to make him a party defendant. It is not alleged whether or not a successor to him either as executor or as trustee was appointed. Here again we are asked to indulge in the presumption that none has been appointed, and it is argued that the trust terminated upon the death of the life beneficiary, and that there was no necessity of appointing a successor to the executor or trustee, and it is even contended that there was no authority to make such an appointment. The existence of this cause of action was alone sufficient authority for such appointment. Ledyard v. Bull, 119 N. Y. 62, 23 N. E. 444; Lane v. Albertson, 78 App. Div. 607–614, 79 N. Y. Supp. 947; Robinson v. Adams, 81 App. Div. 20, 80 N. Y. Supp. 1098, supra; Code Civ. Proc. §§ 2643, 2818. If the estate has been fully administered, then this action cannot be maintained, and, if it has not, then a representative can be appointed to recover and administer these funds consisting of hundreds of thousands of dollars. If it appeared that the estate had been settled, or that the cause of action which vested in the personal representatives of the testator or in the trustee had been assigned to the plaintiffs, then they would doubtless have a standing to maintain the action. They are not suing in the right of the estate, but on the theory that these causes of action are vested in them.

For the reasons stated, we are of opinion that they have failed to show that the causes of action are vested in them, and a recovery by them in this form of action would afford no protection to the defendants against an action in favor of the estate for the benefit of any one, if any one there be, having a valid claim, against the estate, other than the plaintiffs, for whose benefit of course a cause of action could not be maintained after a recovery by them. In Russell v. McCall, 141 N. Y. 437, 36 N. E. 498, 38 Am. St. Rep. 807, relied on by plaintiff's counsel in support of his contention that payment to plaintiff will protect defendants, the recovery was by the personal representative of a deceased partner against one who had wrongfully received firm assets from the surviving partner. The recovery was for one-half the amount, but not in the right of the deceased partner's estate, which would be liable for firm debts as well as to individual creditors. This recovery is claimed in the right of the plaintiffs, and it is doubtful whether they could be called to account therefor.

It follows, therefore, that the interlocutory judgment should be affirmed, with costs, but with leave to appellant to amend on payment of costs of the appeal and of the demurrer.

McLAUGHLIN and DOWLING, JJ., concur.

INGRAHAM, P. J. I concur in the conclusion reached by Mr. Justice LAUGHLIN, upon the ground that the complaint does not state facts sufficient to constitute a cause of action, in that the cause

of action is in the trustee of the estate and not in the beneficiaries; and also that there is a defect of parties defendant, in that Nestell is not a party to the action.

MILLER, J., concurs.