First Department, February, 1917.                    [Vol. 177.

EDWARD S. TUCKER, Individually and as Administrator, etc., of MARY EDNA TUCKER, Deceased, Respondent, *v.* HERBERT A. WEEKS and Others, Appellants, Impleaded with WILLIAM S. TUCKER, Defendant.

First Department, February 23, 1917.

Equity — trust — liability of express or constructive trustee for misappropriation — when vendor of property transferred to executrix and life tenant is a constructive trustee — liability to remaindermen for an accounting — pleading — complaint — superfluous allegations — parties defendant.

A suit for an accounting for misappropriation of trust funds will lie either against an *express* trustee or a *constructive* trustee.

Vendors of real estate who receive for the individual account of an executrix the funds of the estate, knowing that they are trust funds, thereby become trustees by operation of law, and are accountable as such, and the executrix and life tenant having died insolvent, the remaindermen may sue such vendor for an accounting.

Where, before the commencement of such a suit, the land has been sold under foreclosure, a demand for cancellation of the conveyance to the executrix and allegations with respect to the transfer on the foreclosure sale are superflous, and neither the purchaser nor any other person interested in the land is a necessary party.

APPEAL by the defendants, Herbert A. Weeks and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 11th day of September, 1916, granting plaintiff's motion for judgment on the pleadings.

*Isaac N. Jacobson*, for the appellants.

*J. Harry Hull*, for the respondent.

LAUGHLIN, J.:

The pleadings consist of a supplemental and amended complaint and separate demurrers thereto by each of the three appellants on the grounds of insufficiency of facts alleged, a defect of parties defendant in that the purchaser at a foreclosure sale of the premises described in the complaint was not joined, failure to join the present owner and all persons interested in the premises, and on other grounds not argued on the

appeal. Former demurrers by the appellants to the original complaint on the same grounds were overruled at Special Term. Since the decision on the original demurrers a supplemental summons and complaint, joining the administrator of Mary Edna Tucker, who was one of the original plaintiffs, were served and the complaint was amended. In the complaint now before the court, the allegations material to the decision of the questions presented are, that one John E. Tucker died leaving a will giving his wife, Mary Alice Tucker, a life use of his real property with the remainder over to his children; that the widow became the sole surviving executrix and acting under a power of sale to sell the real property and invest the proceeds in mortgages and bonds she sold the real estate and deposited the proceeds in the Kings County Trust Company "in the name of the estate of John E. Tucker, Mary Alice Tucker, executrix; " that after investing the proceeds as authorized she sold the securities and deposited the proceeds with said trust company to the credit of the estate; that she then *individually* made a contract with the appellant company to purchase from it certain real estate and part of the premises were conveyed to her *individually* on the 1st day of January, 1910, by the individual appellants; that she paid in cash on account of the land so conveyed to her and to apply on the contract the sum of $15,000 by various checks drawn by her in the name of the estate as executrix against the estate fund so deposited with said trust company, and subsequently paid additional sums of money for interest on a purchase-money mortgage given by her for $12,135 on the premises so conveyed to her and for carrying charges thereon and made further payments on said contract from said trust funds; that the contract for the sale of the premises was negotiated for the company and for the appellant Herbert A. Weeks by the president of their agent who was informed and knew that the moneys which were to be paid on account of the purchase price of the land were not the personal funds of the purchaser but were trust funds belonging to said estate; that said Herbert A. Weeks, who was the treasurer of the appellant company and the principal stockholder and controlled it, knew or should have known from the form of the checks received by the agent on account of the purchase price,

First Department, February, 1917. [Vol. 177.

which checks were so received in part on his own account and in part for the company, that the funds did not belong to the purchaser individually but were the funds of said estate; that prior to the commencement of this action the premises so conveyed to the executrix individually were sold under a judgment of foreclosure of a second mortgage thereon; that on the 10th day of November, 1912, the executrix died insolvent and intestate having spent, dissipated and lost all of the funds of said estate; and that the plaintiff Tucker and his intestate Mary Edna Tucker and the defendant Tucker are the children and only heirs at law of said John E. Tucker and are the persons entitled under his will to the remainder of the real estate after the death of their mother. The relief prayed for is that said conveyance to Mary Alice Tucker be set aside and that the defendant Herbert A. Weeks and the company account for the moneys received by them from said Mary Alice Tucker, which were the property of the estate of said John E. Tucker, deceased.

The learned counsel for appellants contends that the complaint is solely for equitable relief and that it cannot be sustained for the reason that the facts alleged show only a cause of action at law. If that were so the demurrers should have been sustained. (*Low* v. *Swartwout*, 171 App. Div. 725.) The basis of the argument in support of that contention is, however, that the plaintiff could have recovered the funds in an action for conversion or for money had and received, and *Squire* v. *Ordemann* (194 N. Y. 394) and *Havana C. R. R. Co.* v. *Knickerbocker Trust Co.* (198 id. 422) are cited as authorities for such remedies. It is, however, a well-established rule that an action for an accounting for the misappropriation of trust funds will lie either against an *express* trustee or a *constructive* trustee. (*Lightfoot* v. *Davis,* 198 N. Y. 261; *Bosworth* v. *Allen,* 168 id. 157; *Hart* v. *Goadby,* 138 App. Div. 160; *Steele* v. *Leopold,* 135 id. 247, and decisions there cited at p. 255; *Woodbridge* v. *First National Bank,* 45 id. 166, 170.) On the authority of those decisions the allegations of the complaint sufficiently show a cause of action in the remaindermen for an accounting against Herbert A. Weeks and the company, for since they received for the individual account of the executrix the trust funds, knowing that they were trust

funds, they thereby became trustees by operation of law and are accountable as such. The executrix had a right to purchase the lands individually and the only interest of the plaintiffs therein would be on account of the use of the trust funds. They do not, however, seek to impress a trust upon the lands for the moneys misappropriated by the executrix, and since the right, title and interest of Mary Alice Tucker was cut off by the foreclosure prior to the commencement of this action, there could be no relief awarded on that theory. The demand for a cancellation of the conveyance to Mary Alice Tucker and the allegations with respect to the conveyance of the land on the foreclosure sale must, therefore, be deemed superfluous, and neither the purchaser nor any other person now interested in the lands is a necessary party to the action. Not only do the appellants jointly appeal but they all join in the same points, and it is not claimed that the demurrer or appeal of Marjorie C. Weeks presents any question not presented by the others. The complaint as we construe it, however, states no cause of action against her. She was doubtless joined on account of the superfluous demand that the conveyance in which she joined with her husband be set aside.

The order should be reversed as to the defendant Marjorie C. Weeks, without costs, and the motion to that extent denied, without costs, and in all other respects affirmed, with ten dollars costs and disbursements to the respondent, with leave to the other defendants, appellants, to withdraw their demurrer and to answer upon payment of said costs and ten dollars costs of motion in the court below.

CLARKE, P. J., SMITH and PAGE, JJ., concurred.

DOWLING, J.:

I concur in result.

Order reversed as to defendant Marjorie C. Weeks, without costs, and motion to that extent denied, without costs; in all other respects affirmed, with ten dollars costs and disbursements to respondent, with leave to other defendants, appellants, to withdraw demurrer and to answer on payment of costs.