FRANCES MILLSPAUGH, as Sole Trustee in the Place and Stead of THOMAS H. MILLSPAUGH, Deceased, of the Estate of Which HENRY C. HIGGINSON Died Seized, Respondent, *v.* WILLIAM F. CASSEDY, as Alleged Trustee of BARCLAY MAYNARD HIGGINSON and Others, Appellants, Impleaded with THE HIGGINSON MANUFACTURING COMPANY and Another, Defendants.

Second Department, May 6, 1921.

**Trusts — successor trustee may maintain suit where predecessor improperly applied trust funds — pleadings — allegation that trustee accepted trust sufficient without pleading facts showing acceptance — complaint in suit by successor trustee to impress specified trust on property transferred in violation of trust held sufficient.**

The plaintiff, as successor trustee, may maintain an appropriate suit where her predecessor has improperly applied the trust funds, if the trust property can be followed and resubjected to the trust.

In a suit by a successor trustee to impress a specified trust on shares of stock on the ground that her predecessor had improperly applied the trust property, it is sufficient to allege that her predecessor accepted the trust according to the instrument creating it, and it is not necessary to allege the facts by which the acceptance may be shown.

Complaint in the aforesaid suit examined, and *held*, to state a cause of action.

APPEAL by the defendants, William F. Cassedy and others, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Orange on the 20th day of September, 1920, upon the decision of the court rendered after a trial at the Orange Special Term overruling said defendants' demurrer to the complaint.

*F. W. Stelle* [*W. F. Cassedy* and *C. T. Payne* with him on the brief], for the appellants.

*R. H. Barnett*, for the respondent.

MILLS, J.:

The action, being in equity, was brought by the plaintiff as successor trustee, appointed by the Supreme Court in place of her deceased husband, to impress a certain specified

trust upon certain shares of the stock of the defendant company, and to cancel certain agreements in trust executed by the said former trustee as null and void, as being in contravention of the original trust. Certain of the defendants interested under said agreements demurred to the complaint. Their demurrer was tried at the Orange Special Term, with the result that decision was rendered in plaintiff's favor, and interlocutory judgment accordingly was duly entered with the usual leave to plead over, and the demurring defendants appealed here from that judgment.

The complaint, after alleging plaintiff's appointment to succeed her deceased husband as trustee, proceeds to allege: (1) That one Henry C. Higginson, being the owner of the said stock, died on February 12, 1909, leaving a last will and testament which in terms gave the property absolutely to her said husband; (2) that he left in a safe deposit box a letter in his handwriting, signed by him and addressed and directed to plaintiff's said husband, in which he declared that he had given to him the said property with the intent that he should have for himself 1,000 shares of said stock, but that he should hold the balance, being the stock involved in this action, in trust for the benefit of decedent's son Maynard, the income thereof during the life of Maynard's mother to go in part to him and in part to her, and all to him during his survivorship of her, with the remainder at his death to his children, if any; (3) that the said will was duly probated and plaintiff's husband duly qualified as executor thereof, and that he took possession of such stock and administered upon the entire estate; (4) that said testator intended by said will and letter to create a trust of the said shares according to the terms of the letter, and that plaintiff's said husband accepted the said trust and attemped to execute it; (5) that in attempting to execute he inadvertently exceeded his authority in that he transferred the said shares to defendant Cassedy under the said agreements upon a trust substantially different from the terms of the said letter, the general difference being that by the agreements said Cassedy was, after ten years or upon the sooner death of the mother, to transfer the said stock absolutely to Maynard, whereas by the terms of the letter the same was to be held in trust for his life, and

he, Maynard, was never to receive the principal; and (6) that the ten years' period is about to expire, and that the said Cassedy intends then to transfer the stock absolutely to Maynard, although he has now a living son, the defendant Robert Higginson. The complaint has annexed to it copies of all of said papers.

The demurrer is upon three grounds, namely, (1) want of jurisdiction in the court; (2) want of legal capacity in the plaintiff to sue; and (3) insufficiency. Apparently the first ground is not here insisted upon. As to the second, it seems well settled that, if plaintiff's predecessor as trustee did improperly apply any of the trust property and it can be followed and resubjected to the trust, the plaintiff as his successor is the proper party to bring and maintain the appropriate action. (*Hart* v. *Goadby,* 138 App. Div. 160.)

The other ground, viz., insufficiency, presents the only serious question for consideration. It is doubtless true, as claimed by appellants' counsel in their reply brief, that the general allegations of the complaint must be deemed limited by the annexed copies of the several papers pleaded. Still it seems to me that the complaint is sufficient. One of the chief criticisms by appellants appears to be that the allegation that plaintiff's husband accepted the trust according to the terms of the letter is insufficient. It appears to me, however, that plaintiff was not required to plead the facts by proof of which she intends to attempt to establish that acceptance; but that it was competent for her to plead the naked fact of acceptance.

As to the general merits of the action, it would appear to be quite possible for it to fall within and be sustained by the doctrine of the case of *Amherst College* v. *Ritch* (151 N. Y. 282). It is to be noted that one Brown, claiming to be entitled under clause " fifth " of said letter, brought an action against plaintiff's husband in his lifetime. That action upon the first trial resulted in a decision and judgment for the plaintiff therein. Upon appeal here the judgment was reversed, Mr. Justice THOMAS writing, upon the ground that we concluded that the proof of acceptance by plaintiff's husband of the trust stated in the letter was insufficient, in that there was no evidence that he ever knew of the trust

or even of the letter before the testator's death. (*Brown* v. *Millspaugh*, 156 App. Div. 339.) The case, therefore, went back and was retried. Apparently the missing proof was supplied, as decision and judgment again went in favor of the plaintiff. That judgment was affirmed here without opinion. (*Brown* v. *Millspaugh*, 181 App. Div. 939.) Presumably the same proof is available to the plaintiff in this action.

It is suggested in appellants' brief that the said agreements embodied a settlement of the son's objections to his father's will, and that now he has lost by the lapse of time his right to contest the will. I do not perceive how that consideration can weigh here upon the demurrer; whether or not it can at the trial I do not undertake to determine.

Therefore, I advise that the judgment appealed from be affirmed, with costs.

BLACKMAR, P. J., RICH, PUTNAM and KELLY, JJ., concur.

Interlocutory judgment affirmed, with costs.