SUPERIOR BRASSIERE COMPANY, INC., Appellant, Respondent, *v.* ISRAEL ZIMETBAUM and Another, Individually and as Trustees of THE FINANCE TRUST, a Voluntary Association Organized by and under the Laws of the State of Massachusetts, Respondents, Appellants.

First Department, November 27, 1925.

**Pleadings — motion under Rules of Civil Practice, rule 112, to dismiss complaint will not be granted if cause of action at law or in equity is stated — action to impress trust on certain moneys and for accounting — accounts were assigned to plaintiff and subsequently same accounts were assigned to defendant who collected them — plaintiff had right to maintain action in equity to impress trust and recover amount collected — second assignee holds money in trust.**

A motion by the defendant, under rule 112 of the Rules of Civil Practice, for judgment on the pleadings cannot be granted if the complaint states a cause of action either at law or in equity.

The plaintiff who sues to impress a trust upon certain moneys collected by the defendant and for an accounting, stated a good cause of action in equity by allegations that certain accounts were assigned to the plaintiff by a third person, and that subsequently the same accounts were assigned to the defendant who collected the money due thereon, and has failed to pay the same to the plaintiff.

The second assignee acquired nothing by the second assignment and, therefore, the money he received on the accounts collected by him he holds in trust for the benefit of the plaintiff, and an action in equity for an accounting on the theory of a trust is proper.

APPEAL by the plaintiff, Superior Brassiere Company, Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 31st day of March, 1925, granting defendants' motion to dismiss the complaint, with leave to serve an amended complaint on payment of costs.

Appeal by the defendants, Israel Zimetbaum and another, from so much of said order as permits the plaintiff to serve an amended complaint upon the payment of costs.

*Joseph A. Seidman,* for the plaintiff.

*Solon B. Lilienstern* [*Samuel D. Lasky* of counsel], for the defendants.

MARTIN, J.:

The plaintiff by this action seeks to establish a trust in moneys which have come into the possession of the defendants but which belong to plaintiff, and asks for an accounting and payment of the amount found due.

The complaint alleges that plaintiff has no adequate remedy at law. The answer denies this allegation.

The defendants' motion is founded on the contention that the pleadings disclose that under the allegations of the complaint and the denials in the answer, if the plaintiff has a cause of action, it is not in equity, and that under rule 112 of the Rules of Civil Practice the defendants are entitled to judgment.

The motion was heard at Special Term and from the order granting judgment in favor of the defendants dismissing the complaint, with leave to the plaintiff to amend upon terms, this appeal is taken.

The plaintiff contends (1) that if the complaint shows any ground for relief the motion must be denied; (2) that fiduciary relationship by contract · was not necessary to be alleged or proved; and (3) that the facts stated in the complaint entitle the plaintiff to equitable as well as legal relief.

The plaintiff alleges that an agreement was entered into on or about the 1st day of March, 1924, between the plaintiff and Francburt, Inc., by the terms of which the plaintiff agreed to manufacture brassieres and corselets for Francburt, Inc., upon certain terms; that pursuant to the agreement, at various times before the delivery of merchandise, Francburt, Inc., executed and delivered to plaintiff assignments in writing, wherein Francburt, Inc., duly assigned to this plaintiff all moneys due and to become due for goods shipped by the plaintiff to the customers of Francburt, Inc.; that thereafter Francburt, Inc., made a second assignment and assigned all of said accounts to the defendant, The Finance Trust, and that the Finance Trust and the defendants acting as its trustees did then and there proceed to recover and collect from all or most of the customers of Francburt, Inc., the various sums of money assigned to the plaintiff as aforesaid, and that such moneys were received by defendants to the use of plaintiff, but the said defendants thereafter converted the moneys so received to their own use and purpose.

The complaint then demands an accounting from the defendants of the moneys so converted, alleging a lawful assignment and title thereto.

Assuming for the purpose of this motion that the allegations of the complaint are true, the plaintiff has a valid assignment of the moneys now in the possession of the defendants.

In *Salem Trust Co.* v. *Manufacturers' Finance Co.* (264 U. S. 182) the court said: "There is no decision of this court which sustains the contention that, as between successive assignees of the same chose in action, mere priority of notice gives priority

of right. It seems to us that the better reasons are against such a rule. By the first assignment, the rights of the assignor pass to the assignee. The creditor has a right to dispose of his own property as he chooses and to require the debt to be paid as he directs, without the assent of the debtor. * * * Notice of the assignment to the debtor adds nothing to the right or title transferred. A subsequent *assignee takes nothing by his assignment, because the assignor has nothing to give.* * * * If, after assignment, the assignor receives payment from the debtor, he is liable to the assignee. Failure of the first assignee to give notice does not divest him of any title or right, or vest any claim in a subsequent purchaser. * * * It is impossible to eliminate all risk from such a transaction. If the second assignee elects to rely on the representations of the vendor as to his title, and is deceived, he cannot shift his loss to the first assignee, unless some act or omission of the latter was proximate to the deception." (See, also, *Conley* v. *Fine*, 181 App. Div. 675; *Selwyn & Co.* v. *Waller*, 212 N. Y. 507, 513.)

If the complaint sets forth a cause of action in law or in equity it cannot be dismissed under rule 112 of the Rules of Civil Practice.

In *Clark* v. *Levy* (130 App. Div. 389) Mr. Justice MCLAUGHLIN said: " Where the defendant makes such motion it cannot be granted if the facts stated show that the plaintiff is entitled to any relief, either legal or equitable, even though the judgment demanded is not the precise relief to which he appears to be entitled. (*Wetmore* v. *Porter*, 92 N. Y. 76; *Hotel Register Co.* v. *Osborne*, 84 App. Div. 307.) By making the motion the defendant admits every material fact set out in the complaint."

In *City of Syracuse* v. *Hogan* (234 N. Y. 457) the court said (at p. 461): " The fact that plaintiff has, as an incident to the main question to be determined, asked for equitable relief, does not change the form of the action. The court looks to substance and not to form. It determines from the allegations of the complaint and answer the issue to be tried. The form of the action, however it may be disguised by words, allegations or the prayer for judgment, will not be permitted to mislead the court or divert its attention from the main issue to be determined. The prayer for judgment is not decisive and does not control the nature of the action. (*Wright* v. *Wright*, 54 N. Y. 437; *Williams* v. *Slote*, 70 N. Y. 601; *Wetmore* v. *Porter*, 92 N. Y. 76; *Leary* v. *Geller*, 224 N. Y. 56.)"

The justice at Special Term dismissed the complaint upon the ground that the relationship of agency or joint venture is not alleged in the complaint and stated that such an allegation is

essential in an action of this nature. The relationship of agency or joint venture is not essential for the maintenance of such an action. If one is an assignee' of all moneys due or to grow due from time to time from others and a second assignment of the moneys is made under which latter assignment the second assignee collects such moneys, they may be impressed with a trust and the party entitled to such moneys has a right of action in equity to recover the amount so collected.

In 5 Corpus Juris, 966, 967, the rule is stated to be as follows: " As against the assignor the assignee becomes the owner of the chose from the time of the assignment, subject to the qualifications heretofore stated. After that time the assignor loses all right of control over the same and will not be allowed to defeat the rights of the assignee, whether the assignment is good at law or only in equity. He has no right to collect or compromise the chose, nor in any way to discharge the debtor therefrom, nor to modify the chose, as by an extension of time to the debtor. If thereafter the assignor does collect the chose, the moneys in his hands arising therefrom will be held as trust funds belonging to the assignee; and so a judgment thereafter recovered by the assignor against the debtor will be for the use of the assignee."

In *Carnegie Trust Co.* v. *Battery Place Realty Co.* (67 Misc. 452) the court said: " The relation between the assignor and the State was that of debtor and creditor; the assignment to the plaintiff was a valid assignment; the assignment to the defendant was subject to the plaintiff's prior rights by virtue of his earlier assignment. Under these circumstances, the plaintiff might have repudiated the payment by the debtor and recovered the amount thereof from him; but he had also the right to adopt and ratify the act of the debtor in making the payment and bring this action for money had and received."

In *Hovey* v. *Elliott* (118 N. Y. 124) the court said (at p. 142): " Some further attention may be given to the question, whether the plaintiffs had a right of action at law against the defendants as for money had and received by them to the use of the plaintiffs. And, if so, when the right to such action accrued to them. When one party receives or has money to which another is entitled, an action in that form, may be maintained, and the law will imply assumpsit for its support. And although the action rests upon a legal right, the nature of the remedy afforded by it, is such as to raise for determination the question as to which party in equity and good conscience is entitled to the money in controversy. Hence, it is called an equitable action."

In *Tucker* v. *Weeks* (177 App. Div. 158) Mr. Justice Laughlin

said (at p. 160): " The learned counsel for appellants contends that the complaint is solely for equitable relief and that it cannot be sustained for the reason that the facts alleged show only a cause of action at law. If that were so the demurrers should have been sustained. (*Low* v. *Swartwout*, 171 App. Div. 725.) The basis of the argument in support of that contention is, however, that the plaintiff could have recovered the funds in an action for conversion or for money had and received, and *Squire* v. *Ordemann* (194 N. Y. 394) and *Havana C. R. R. Co.* v. *Knickerbocker Trust Co.* (198 id. 422) are cited as authorities for such remedies. It is, however, a well-established rule that an action for an accounting for the misappropriation of trust funds will lie either against an express trustee or a constructive trustee."

In *Hathaway* v. *Town of Cincinnatus* (62 N. Y. 434) Judge ANDREWS said: " The defendant has obtained possession of the plaintiff's money without consideration, and has received it through the error of their common agent. The defendant cannot be allowed to profit by it at the plaintiff's expense. The common employment and the common agency creates a relation between the parties, and the privity which will support the action. The action for money had and received is an equitable action, and the disposition of courts is to enlarge rather than limit the sphere of its operation. I think the action can be maintained in this case within the principles upon which the action for money had and received is founded."

In *Newton* v. *Porter* (69 N. Y. 133), cited and quoted in *Lightfoot* v. *Davis* (198 N. Y. 261, 270), the court said: " It would seem to be an anomaly in the law, if the owner who has been deprived of his property by larceny should be less favorably situated in a court of equity, in respect to his remedy to recover it, or the property into which it had been converted, than one, who, by an abuse of trust, has been injured by the wrongful act of a trustee to whom the possession of trust property has been confided."

The second assignee took nothing under the assignment and, therefore, the money he received he holds in trust for the benefit of the first assignee and an action in equity for an accounting on the theory of a trust is proper.

The order should be reversed, with ten dollars costs and disbursements to the plaintiff, appellant, and the motion denied, with ten dollars costs.

CLARKE, P. J., MERRELL, FINCH and BURR, JJ., concur.

Order reversed, with ten dollars costs and disbursements to the plaintiff, appellant, and motion denied, with ten dollars costs.