MADISON INDUSTRIAL CORPORATION, Plaintiff, *v.* GEORGE J. ELISBERG and Another, Defendants.

City Court of New York, New York County, March 1, 1934.

*Oppenheimer, Haiblum & Kupfer* [*Eli S. Silberfeld* of counsel], for the plaintiff.

*Benjamin Frindel*, for the defendants.

WENDEL, J. This action is brought to recover for work, labor and services, consisting of dyeing and finishing of textiles, performed by plaintiff's assignor. The work done was concededly in the amount of $2,611.40, but the defendants are admittedly entitled to offset certain credits; these offsets reduce the balance now sought to be recovered to the sum of $1,055.06.

As against the latter sum, however, defendants seek to offset a further credit of $1,212.04, which was issued by plaintiff's assignor to defendants on March 23, 1933. This credit was given by plaintiff's assignor some time subsequent to the assignment and the consequent accrual of plaintiff's rights as assignee. The proof shows that the credit in question relates to and was intended to be applied against certain invoices dated from February first to

February tenth; that, although the credit is in excess of $1,200, these invoices aggregate in amount little more than $500; that the credit was issued on the same day plaintiff's assignor entered into an assignment for the benefit of its creditors; that it was obtained by defendants from plaintiff's assignor six days after plaintiff had written defendants a letter threatening suit; that the amount of this credit was far greater than of any other single credit disclosed by the documentary evidence. At the time of the issuance of the credit, plaintiff's assignor was no longer the owner of the cause of action against defendants for the work, labor and services in question, since it had theretofore assigned it to plaintiff. The assignor then was no longer in a position to defeat plaintiff's rights merely by issuing a credit memorandum to the defendants.

In *Superior Brassiere Co., Inc.*, v. *Zimetbaum* (214 App. Div. 525, 528) the following is quoted with approval from 5 Corpus Juris, 966, 967: " 'As against the assignor the assignee becomes the owner of the chose from the time of the assignment, subject to the qualifications heretofore stated. After that time the assignor loses all right of control over the same and will not be allowed to defeat the rights of the assignee, whether the assignment is good at law or only in equity. He has no right to collect or compromise the chose, nor in any way to discharge the debtor therefrom, nor to modify the chose, as by an extension of time to the debtor.' "

Since the credit in question relates directly to the subject-matter of the assignment, the court is not precluded, notwithstanding what has been said, from considering whether the credit was *bona fide*, that is to say, whether it in fact represented actual damage in that or any amount to the merchandise dyed by plaintiff's assignor. The preponderance of the credible evidence establishes that the claim for damages upon the basis of which the credit was allowed has no foundation in fact.

Judgment is directed in favor of plaintiff and against the defendants in the sum of $1,055.06 and appropriate interest. Settle order.