ALBERT E. McKENZIE, as Trustee in Bankruptcy of Graves-Quinn Corporation, Respondent, v. IRVING TRUST COMPANY, Appellant.

First Department, July 2, 1943.

*William A. Onderdonk* of counsel (*Paul E. Mead,* attorney), for appellant.

*David Morgulas* of counsel (*M. Carl Levine, Morgulas & Foreman,* attorneys), for respondent.

COHN, J. Defendant Irving Trust Company appeals from an order denying its motion for summary judgment dismissing the first cause of action set forth in the complaint.

In the cause of action challenged, plaintiff, the trustee in bankruptcy of Graves-Quinn Corporation, seeks to recover a payment of $150,000 which was made by the bankrupt, Graves-Quinn, to defendant on November 28, 1940, exactly four months before the filing of a petition in bankruptcy, asserting that the payment was preferential by virtue of the provisions of section 60, subdivision a, of the Bankruptcy Act [U. S. Code, tit. 11, § 96, subd. (a)]. Prior thereto and on November 22, 1940, defendant received from the Graves-Quinn Corporation a *bona fide* assignment of all moneys due or to become due from the United States Government by reason of the government's contract with the Graves-Quinn Corporation.

The principal question involves the interpretation of section 60, subdivision a, of the Bankruptcy Act insofar as that statute affects an assignment of moneys to become due from the United States on a construction contract and whether the four-month period referred to in section 60, subdivision a, begins to run from the date of the delivery of the assignment or from the date of the filing of the assignment as required by an Act of Congress dated October 9, 1940, amending the Federal statutes dealing with the assignment of moneys due from the Federal government. (U. S. Code, tit. 31, § 203.)

It is our view that the assignment was not inoperative because of the delay either in obtaining the consent of the Secretary of War thereto or in the filing of the assignment with the various government departments. (*Amiesite Constr. Corp.* v. *Luciano Contr. Co.,* 284 N. Y. 223; *Salem Co.* v. *Manufacturers' Co.,* 264 U. S. 182.) The primary purpose of the Assignment of Claims Act (U. S. Code, tit. 31, § 203) is to give protection to the government. (*Martin* v. *National Surety Co.,* 300 U. S. 588.) The only infirmity in the assignment pending the consent and filing was the impairment of recourse of defendant to the government. Otherwise, the assignment was fully perfected. No other creditor of Graves-Quinn Corporation could have acquired any rights in the property so transferred superior to the rights of the defendant by taking an assignment from the bankrupt after November 22, 1940, and by obtaining the War Department's consent to the assignment. (*Salem Co.* v. *Manufacturers' Co., supra; Williams* v. *Ingersoll,* 89 N. Y. 508; *Superior Brassiere Co., Inc.* v. *Zimetbaum,* 214 App. Div. 525.)

In *Corn Exchange Bank* v. *Klauder,* 318 U. S. 434 (decided

March 8, 1943), the court was considering assignments made in Pennsylvania where the law provided that, of two assignees of choses in action, the one first giving notice to the obligor had priority and it was held that, because of the failure of the assignees to give notice, a subsequent good-faith assignee giving such notice would acquire a right superior to theirs. In holding the assignments inoperative against the trustee in bankruptcy, the court said: "This is undoubtedly the effect of a literal reading of the Act. Its apparent command is to test the effectiveness of a transfer, as against the trustee, *by the standards which applicable state law would enforce against a good-faith purchaser.* Only when such a purchaser is precluded from obtaining superior rights is the trustee so precluded. So long as the transaction is left open to possible intervening rights to such a purchaser, it is vulnerable to the intervening bankruptcy. By thus postponing the effective time of the transfer, the debt, which is effective when actually made, will be made antecedent to the delayed effective date of the transfer and therefore will be made a preferential transfer in law, although in fact made concurrently with the advance of money. In this case the transfers, good between the parties, had never been perfected as against good-faith purchasers by notice to the debtors as the law required, and so the conclusion follows from this reading of the Act that the petitioners lose their security under the preference prohibition of § 60 (b)." (Emphasis ours.) On the facts in this case, under the laws of this State, no purchaser in good faith could acquire on November 28, 1940, any right superior to that of the defendant. Hence, the payment of $150,000 made by the bankrupt to defendant on November 28th was not a preferential one. Defendant is accordingly entitled to judgment dismissing the first cause of action upon the merits.

The order should be reversed, with twenty dollars costs and disbursements, and the motion to dismiss the first cause of action granted.

MARTIN, P. J., TOWNLEY, GLENNON and CALLAHAN, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and the motion granted.