Per Curiam.

The court is unanimously of opinion that the order granting to plaintiff an examination before trial of defendants should be reversed, with $10 costs and disbursements to the appellants and the motion denied, without prejudice to renewal on proper papers with respect to relevent items. In drawing his present notice of motion, plaintiff appears to have been more concerned with embarrassing the defendants than in enabling himself to prepare for trial.
A previous motion,'made before the answer was served, to dismiss the complaint under rule 106 on the ground that the complaint did not state facts sufficient to constitute a cause of action, was denied under the rule upheld in such cases as Superior Brassiere Co., Inc., v. Zimetbaum (214 App. Div. 525) and Heaman v. Rowell Co., Inc. (233 App. Div. 335) that since the motion was addressed to the entire complaint, it must be denied if any cause of action was stated even if it were apparent that the plaintiff could not obtain all the relief sought. In affirming the order denying defendants’ motion to dismiss the complaint under rule 106, we said: “ The allegations of the complaint are sufficient to permit a recovery for necessaries ” (Steisel v. Gratzer, 271 App. Div. 1012).
Defendant Leopold Gratzer has now moved for partial judgment under rule 112, asking to dismiss plaintiff’s claim for legal services rendered to his wife, the codefendant, in an accounting suit against him arising out of a business venture in which both had been engaged. Professional services of that, nature do not constitute necessaries which a husband is required by law to provide for his wife.
Although it is true that said cause of action has not been stated and numbered separately from plaintiff’s cause of action for services rendered in connection with the separate maintenance of the defendant wife, section 476 of the Civil Practice Act appears to have been designed to cover the *675 situation. It provides: “ § 476. Judgment on pleadings or admission of part of cause. Judgment may be rendered by the court in favor of any party or parties, and against any party or parties, at any stage of an action or appeal, if warranted by the pleadings or the admissions of a party or parties; and a judgment may be rendered by the court as to a part of a cause of action and the action proceed as to the remaining issues, as justice may require.”
Since the defendant husband, by his notice of motion, unlike the previous notice of motion under rule 106, has specified that he is seeking partial judgment dismissing that particular claim contained in the complaint, which is easily severable from the rest of the pleading even though not separately stated and numbered, no useful purpose will be served by refusing to grant that relief at this stage of the action. Section 476 was intended to simplify the practice in such situations.
The order under rule 112 should be modified so as to strike out plaintiff’s claim against defendant Leopold Gratzer based upon professional legal services claimed to have been rendered to defendant Dora Gratzer in connection with her accounting action, and as so modified affirmed, with $10 costs and disbursements to the appellant Leopold Gratzer.
Peck, P. J., Glewwow, Dore, Yaw Voorhis and Shiewtag, JJ., concur.
Order granting plaintiff’s motion for examination of defendants before trial unanimously reversed, with $10 costs and disbursements to the appellants and the motion denied, without prejudice to renewal on proper papers with respect to relevant items. Order denying the respective motions of defendants for judgment under rule 112 of the Rules of Civil Practice unanimously modified by striking out plaintiff’s claim against defendant Leopold Gratzer based upon professional legal services claimed to have been rendered to defendant Dora Gratzer in connection with her accounting action, and as so modified affirmed, with $10 costs and disbursements to the appellant Leopold Gratzer.